SAMUEL SHEER, RESPONDENT, v. MORRIS NEWMAN, APPELLANT.

Argued February 6, 1929—Decided May 20, 1929.

For the appellant, *Jacob L. Newman* (*Lionel P. Kristeller* and *Saul J. Zucker,* of counsel, on the brief).

For the respondent, *William L. Greenbaum* (*Harold Laifer,* of counsel, on the brief).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment recovered in the Essex County Circuit Court, tried before his honor, Nelson Y. Dungan, with a jury, on September 26th and

27th, 1928. The jury rendered a verdict in favor of the plaintiff and against the defendant for $750.

The plaintiff sued the defendant to recover damages for a breach of the provision contained in a lease made to the plaintiff, Sheer, by the defendant, Newman. The facts in the case were as follows: The appellant, Morris Newman, was the owner of a building situate on Broome street, in the city of Newark, New Jersey, in which were located two stores known as 124 and 126 Broome street. Newman was conducting a business in one of these stores at 124 Broome street in said city. In November, 1926, he sold out his business to the plaintiff, Sheer, and executed a lease to him for the premises at 124 Broome street. The lease, according to its terms, was for the purpose of enabling the plaintiff, Sheer, to carry on "a grocery and produce business" on the premises at 124 Broome street. The lessor, Newman, agreed in said lease that he would not rent out the adjacent premises at 126 Broome street, which he also owned, "for a similar business during the term of this lease." Newman, under a lease dated April 29th, 1927, leased the premises at 126 Broome street to one Harry Hecker, which lease was to run from June 1st, 1927, to June 1st, 1932. This lease, among other things, contained the provision that Hecker would not use or permit any part of the premises to be used "for any other purpose than for the meats and provisions and poultry business and for the fish business, without the written consent of the said party of the first part," &c. (The party of the first part being the defendant, Newman.) After taking possession of the premises Hecker proceeded to sell not only meats and fish and poultry but also butter, cheese and eggs. Hecker claimed that he had a right to do this under his lease. He claimed that the sale of these articles were within the meaning of the clause in the lease which is above recited. The plaintiff, Sheer, admitted that this was so but claimed that these articles were "produce" within the meaning of the lease which he held and that by the execution of this lease from Newman to Hecker, Newman violated the provisions of the lease with Sheer, the plaintiff, which prohibited Newman from

renting the adjacent property for a similar business to that which was to be carried on by the plaintiff, Sheer, who carried on the grocery and produce business.

The trial, as above stated, resulted in a verdict in favor of the plaintiff and against the defendant. The defendant has appealed from the judgment. The first contention of the appellant, Newman, is that the court erred in refusing to direct a nonsuit because the plaintiff produced no evidence that the defendant had rented the adjacent property for a grocery and produce business. Assuming that this contention is true the testimony submitted on the part of the defendant supplied the gap, if any, in respect to this proof; that is, the leasing of the adjoining property for the sale of provisions was leasing it for a business similar to the sale of produce. In other words, although the word "produce" may possibly have a broader meaning than the word "provisions" it seems plain that the sale of provisions includes, within its term, the sale of produce within the meaning of those two words as contained in the two leases between Newman and Sheer and between Newman and Hecker. This court held, in the case of *Dennery* v. *Great Atlantic and Pacific Tea Co.*, 82 *N. J. L.* 517, 519, that the refusal of a nonsuit for failure of proofs is not ground for reversal if the defect was afterwards supplied by evidence taken in the progress of the trial. This rule was again referred to by this court in the case of *Mahan* v. *Walker*, 97 *Id.* 304, 305. We therefore are of the opinion that there is no merit in this contention.

The second point raised on the part of the appellant is that the court should have directed a verdict for the defendant because no breach of the covenant on the part of the defendant had been proved. We think that there is nothing in this point. The letting to Hecker was for the express purpose of permitting him to use the premises for the purposes stated in the lease. One of these purposes was for the carrying on of the provision business. The word "provision" in this lease includes the word "produce," and we are of the opinion that it was properly disposed of by the court below for the reasons expressed above.

The next point raised is that the court erred in excluding the evidence of two witnesses. A man by the name of Davidson and a man named Mandelbaum. The purpose of the evidence being to show that people engaged in the butcher business did sell cheese, butter, eggs and lard. We think that the court below properly excluded these questions for it was entirely immaterial what other butchers ordinarily sold. The question for determination in this case was whether this particular butcher, Hecker, was permitted by the terms of his lease to sell "produce" in violation of the provisions of the lease between Sheer, the plaintiff, and Newman.

It is further contended that it was error to permit a man named Breskie, who conducted a butcher business in the neighborhood at 139 Broome street, to testify that after the establishment of the business by Hecker the sale of butter, cheese and eggs by Hecker affected the sale of those same products by the witness, Breskie. It is contended that this testimony was irrelevant. We are of the opinion that this testimony was competent on the question of damages suffered by the plaintiff, Sheer, as the direct result of the breach of the provision in his lease, by the defendant.

The other point raised by the appellant was that the court improperly excluded testimony tending to show that at the time of the lease from Newman to Hecker the scope or extent of Hecker's business was discussed by Hecker and Newman in the presence of Sheer. That Sheer, the plaintiff, brought Hecker to the defendant, Newman, Hecker desiring to rent the adjacent property to carry on a butcher business at 126 Broome street, and that on that occasion and in the presence of Sheer the scope or extent of the business which Hecker was to conduct or be permitted to conduct was discussed. On this occasion it was stated that Hecker intended to sell butter, eggs and cheese together with meats, fish and chicken, and that no objection was made by Sheer to this scope of Hecker's business. In other words, Newman offered to prove that Sheer was present on this occasion and made no objection to the condition that Hecker be allowed to sell butter, eggs and cheese. We are of the opinion that this testimony

was improperly excluded. If the lease to Hecker by the defendant, Newman, permitted Hecker to sell these products with the implied consent of the plaintiff, Sheer, the plaintiff cannot afterward be heard to complain that the granting of this privilege to Hecker was a violation of the provisions of the lease which he held with the defendant. If the defendant was able to show that Sheer either dirctly or by implication consented that the lease in question be made to Hecker prior to such sale he is estopped from afterward claiming that there had been a breach of the provisions of his own lease from Newman which would entitle him to an action against Newman. The effect of any such arrangement would be to modify the terms of the lease made between the plaintiff, Sheer, and Newman by the consent of both partis. This doctrine has been several times referred to in this court.

We said in the case of *Sun Drudging, &c., Co.* v. *Ottens,* 84 *N. J. L.* 740, 745:

"The principle is familiar law that the court will refuse its aid to one who·remains silent when duty, candor and fair dealing require him to speak out, and such estoppel *in pais* may be set up in actions at law as well as in equity."

Therefore the judgment below is reversed and a trial *de novo* should be granted.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER,, KALISCH, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.