ANDERSON HOTELS OF LOUISIANA, INC., *v.* SEIBERT.

4-8535                                            211 S. W. 2d 876

Opinion delivered June 7, 1948.

*Vera P. Street* and *John R. Thompson,* for appellant.

*O. D. Longstreth, Jr., Dave E. Witt* and *Philip Mc-Nemer,* for appellee.

HOLT, J.   This is an action for damages alleged to have been sustained by appellee through the negligence of appellant in the maintenance of its bathroom and plumbing equipment, pipes and water facilities in one of its rooms immediately over appellee's place of business.

Appellee alleged in his complaint that appellant is the lessee and operator of the Lincoln Hotel, 1209 W. Markham Street, Little Rock, Arkansas, and that he, appellee, operates a news agency business immediately under one of appellant's hotel rooms.

"That on or about May 24, 1946, one of defendant's bathrooms overflowed and said overflow ran down into plaintiff's place of business and flooded same, thereby damaging numerous articles of merchandise and damaged the interior of plaintiff's place of business. The said overflow and resulting damage was caused by defective plumbing equipment in the bathrooms of defendant's hotel; that defendant was notified of such defective plumbing and resulting damages caused by such defect and defendant, its agents, servants and employees negligently failed and refused to repair or remedy same, damaging the plaintiff, on this occasion, in the sum of $34 in merchandise, labor and repairs."

That a similar overflow from appellant's bathroom and defective water pipes occurred November 13, 1946, causing damage to appellee's merchandise in the amount of $46.32; that about February 3, 1947, a similar overflow from one of appellant's bathrooms occurred, flooding appellee's place of business and damaging his merchandise in the amount of $434.69.

"That about February 21, 1947, the plaintiff's place of business was again damaged by the flooding caused by the overflow of one of defendant's bathrooms as a result of defective plumbing equipment and damaging the plaintiff in the sum of $125 for labor, merchandise and repairs; that on or about February 25, 1947, the plaintiff's place of business was again damaged by the flooding caused by the overflow of one of defendant's bathrooms as a result of defective plumbing equipment and damaging the plaintiff in the sum of $38.67 for labor, merchandise and repairs; that prior to May 24, 1946, plaintiff notified defendant of damages to his merchandise and place of business caused by defective plumbing in one of defendant's bathrooms and defendant promised to repair same. And again after each of the above mentioned dates defendant promised to repair same, but that defendant has failed and refused to repair or remedy such defect; that said bathroom plumbing is in bad repairs; that defendant has knowledge of such condition

and its negligence in failure to repair same has damaged the plaintiff in the sum of $668.68.''

Damages were sought in the total amount of $668.68.

To this complaint appellant interposed a general denial. A jury awarded appellee damages in the amount of $500, and from the judgment is this appeal.

It is undisputed that appellant took over and began operating the Lincoln Hotel about May 19, 1946, as lessee.

## (1)

For reversal, appellant first contends that the evidence was not sufficient to support the verdict. We cannot agree. Appellee gave testimony to support the amount of the damages to his merchandise occasioned on the dates and in the manner as set out in his complaint, *supra*, and also damages to the interior of his place of business. He testified that the first time that he claimed damages was on account of the commode being stopped up and the second occasion was the overflow of a bathtub, that on February 3, 1947, a defective trip in the commode that would not stop the water caused damage, that the metal ceiling rusted away under the bathroom and that he reported these damages to appellant's manager. He further testified that since October (1946) water had come into his place of business thirty or thirty-five times. A second time in February, 1947, that much damage was caused by this same defective commode, that it was a continuous situation, that his total damage to books and magazines alone amounted to $565.04.

Albert Milner testified that holes four feet square in the wooden ceiling, under the tin in the room occupied by appellee, had rotted out, that all side walls were water and dirt streaked and it would take six months to a year for this situation to be created.

Mr. Frazier, manager of appellant's hotel from October, 1946, until April 4, 1947, gave testimony tending to corroborate the above witnesses and admitted that

appellee notified him of each overflow that occurred subsequent to October, 1946.

The general rule as to liability, in circumstances such as we have here, is stated in 2 C. J. S., under the title, "Adjoining Land Owners," § 42, in this language: "A landowner is liable for damages to his neighbor caused by his negligent failure to keep his premises in repair. To be chargeable with negligence, however, he must have express or implied notice of the defective condition and a reasonable time thereafter to remedy it." Section 44: " . . . A landowner who is guilty of negligence in allowing matter, offensive or inoffensive of itself, such as water, dirt, sand, debris, and the like, to pass from his land into that of the adjoining proprietor, is liable for the damage caused thereby, irrespective of motive or intent, but he is liable only for his negligence. The injured owner is not precluded from recovery because he has failed to erect barriers to protect himself from his neighbor's negligence. Failure of plaintiff to make a reasonable effort to minimize damages goes to the extent of a recovery and not to the right of recovery," and in *Rosen et al.* v. *Kroger Grocery & Baking Company* (Mo. App.), 5 S. W. 2d 649, cited in support of the above text, it was there held (headnote 4): "General rule is that one who uses his premises so negligently as to cause injury to person on adjoining premises is liable for injuries so sustained." (Headnote 5): "Where tenant maintained ice box and pipe and other arrangements for draining water therefrom in such condition that instead of water being drained out of building it was caused to seep and soak into division wall, damaging wall and merchandise on other side, evidence of overflow upon floor being such as to put tenant on inquiry and proof of resulting damage to landlord having been established, held, that case was made for jury."

In footnote 82 of the text, *supra*, the text writer summarizes from the Rosen-Kroger case, *supra*, as follows: "One who collects and keeps water on his premises, which is likely to do mischief if not properly controlled, is liable for his negligence, either in the original con-

628

struction of his reservoir or receptacle, in subsequently allowing it to become defective, or in failing properly to guard against all such contingent damages as might reasonably be anticipated.''

These general rules apply here, and we hold that the evidence was ample to support the jury's verdict.

## (2)

Appellant next contends that the court erred in giving appellee's instruction No. 1 over its objection, which is as follows: ''You are instructed that where two or more floors of a building are owned or leased by different persons that the owner or lessee of the upper floor owes a duty to the owner or lessee of the lower floor to keep the bathroom facilities in proper condition and repair, so as not to injure the owner or lessee of the lower floor in his use of said lower floor.

''You are instructed that if you find from a preponderance of the evidence in this case that the defendant, or its agents, servants, and employees, while acting within the scope of their employment, permitted or suffered defendant's plumbing to become defective so as to flood defendant's bathrooms with water and said water flowed down into plaintiff's place of business in such quantities that said water damaged plaintiff's merchandise and place of business, and if you further find from a preponderance of the evidence that such acts on the part of defendant's agents, servants, and employees was negligence, then you will find for the plaintiff for such damages as you find from the evidence in this case that plaintiff has suffered.''

We think this instruction was a correct declaration of the law, was in accordance with the rules of law, *supra,* on the facts presented and that the court therefore committed no error in giving it.

## (3)

Next, appellant argues that the court erred in refusing to give its requested instruction No. 5, as follows:

"You are instructed that if you find that the damage, if any, was caused by an act of a guest of the hotel, you must find for the defendant, unless you further find that the defendant knew of, or by the exercise of ordinary care could have known, that the hotel guest was likely to do the act which caused the damage, and failed to take immediate steps to remove the danger of damage."

There was no error in refusing to give this instruction for the reason that we find no evidence in this record that any of the damages alleged were caused by guests of the hotel. The instruction was abstract and properly refused.

### (4)

Appellant next contends that "the court was in error when he permitted the jury to take into consideration damage to the real estate, and that he erred when he ruled as he did in the permitting of testimony to go to the jury."

It will be noted that appellee in his complaint alleged damages to his merchandise and the interior of his place of business. He testified: "We have to take care of anything we do to the inside—it has to be taken care of by us. That is specified in our lease. The renter is responsible for the upkeep of the inside, the owner is responsible for the outside upkeep."

There was testimony, as expressed by the trial court, "that the damage has been a continuous sort of thing." These damages were not only continuous at different times to the merchandise but also to the walls and inside of appellee's place of business. We think, therefore, that there was no error in admitting testimony as to damages to the walls and inside of appellee's place of business.

### (5)

Finally, appellant argues that "the court erred in not permitting the defendant to exhibit to the jury merchandise which the plaintiff had collected damages for."

There was no error in the court's action in this connection for the reason that appellant sought to exhibit to

the jury certain merchandise damaged at other times for which no recovery was sought in the present suit, and for which damages appellant had already fully compensated appellee. Such evidence could have no bearing upon the present suit and was properly refused.

On the whole case, finding no error, the judgment is affirmed.