MOE v. SPRANKLE (two cases).—221 S. W. (2d) 712.

Eastern Section.   Decided November 10, 1948.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

34

Reuben Nichols, of Knoxville, for appellant B. H. Sprankle.

N. B. Morrell and Strauss & Strauss, all of Knoxville, for appellee Albert Moe.

McAMIS, J.  These two suits were instituted in the Chancery Court of Knox County by Albert Moe against B. H. Sprankle. By the bill in the first suit it was alleged that the defendant Sprankle, on June 28, 1945, leased to the complainant a business building located at 422 Union Avenue, Knoxville, Tennessee, for complainant's use in the operation of a book store, the lease superseding an earlier lease which had not then expired and providing for additional space and an increase in rent.  It was alleged that, due to defective plumbing in overhead apartments, leased by the defendant to numerous tenants, water had been permitted to get through the ceiling and upon complainant's books causing damage to the amount of several hundred dollars; that the acts charged constituted both a trespass and a breach of a covenant of the lease by

which the defendant, lessor, covenanted that complainant, as lessee, should have the quiet enjoyment of the premises. The bill also alleged a breach of a separate and independent contract by which the defendant agreed to pay for a change in the plumbing contained in the leased premises in the amount of $100.00 for which recovery was also sought.

By the second bill complainant Moe sought to restrain the defendant Sprankle, as lessor, from declaring a forfeiture of the lease. The second suit was consolidated with the first and the two cases were tried together but, during the argument of the cases in this court, it was stated that defendant's appeal in the second suit had been voluntarily dismissed. Our consideration is, therefore, limited to the first suit.

There was a demurrer to the bill in the first suit on the grounds, among others, that the bill failed to show affirmatively that complainant had suffered an eviction either actual or constructive and that the suit in effect was one to recover unliquidated damages which a court of chancery is without jurisdiction to try. The demurrer was overruled with the right reserved for defendant to rely upon the grounds thereof at the hearing.

The defendant, thereupon, filed an answer denying generally all the allegations of the bill and, in particular, that complainant had been damaged as alleged or that there had been a breach of the covenant of quiet enjoyment. It was also denied that the plumbing was defective as alleged, the defendant asserting that any damage suffered by complainant must have resulted from the negligence of tenants occupying the overhead apartments for whose acts defendant was not responsible. No question was raised in the answer of the omission of the bill

to allege an eviction or of the court's jurisdiction to entertain the suit. The Chancellor, in his opinion, pretermitted the question of eviction holding that complainant had established his right to maintain the suit on the theory of a trespass. It does not appear that defendant pressed the jurisdictional question interposed by the demurrer. In any event, there was no ruling on that question though it is now strenuously insisted that the court erred in not dismissing the suit upon jurisdictional grounds. We think the demurrer was properly overruled. In alleging a breach of contract to reimburse complainant for $100.00 expended in changing the plumbing, the bill stated a cause of action of which the court clearly had jurisdiction. The demurrer, however, went to the whole bill without pointing out the specific defects relied upon and was, therefore, too broad. Gibson's Suits in Chancery (Higgins and Crownover), Section 306.

As to the alleged cause of action growing out of a breach of the covenant of quiet enjoyment, the first ground of the demurrer made the specific defense that the bill failed to allege an eviction entitling the complainant to recover for a breach of the covenant. The Chancellor indicated in his opinion that this defense was renewed at the hearing but, as stated, the question was pretermitted.

In support of his insistence that no right of recovery exists for a breach of the covenant of quiet enjoyment in the absence of an eviction, defendant relies principally upon Weinstein v. Barrasso, 139 Tenn. 593, 202 S. W. 920, 921, L. R. A. 1918D, 1174. In that case the tenant claimed damages to his merchandise caused by overflow from plumbing fixtures in overhead apartments which both the circuit court and Court of Civil Appeals found

to be due not to defective plumbing but to the negligence of tenants in the apartments. The Supreme Court found that the two lower courts had properly held the landlord not liable for the losses sustained by the tenant due to the negligence of other tenants and had properly rendered judgment for the rental accruing during the last month which the tenant had occupied the premises. Tiffany on Landlord and Tenant was cited for the following rule:

". . . nor is the landlord liable when the injury results from defects in appliances on premises leased by him to another when these defects arise after the lease without the landlord's fault, though he is liable if the damage is caused by defects existing at the time of such lease."

The judgment of the two lower courts was affirmed on the ground indicated but the Court, in the concluding portion of the opinion, responded to the tenant's insistence that he should be relieved of liability for rent because there had been a partial eviction. The court, while recognizing that the rule of partial eviction relieving the tenant of liability to pay rent had been followed in the two cases cited from other states and in Tennessee in Olmstead v. Tennessee Fixture & Showcase Co., 1 Tenn. Ch. A. 653, held that the overflow of water from the overhead apartments, though causing inconvenience and damage, did not amount to a partial eviction. It was further said, since the tenant continued to occupy the premises for the month for which recovery of rent was sought, there had been no constructive eviction, as insisted, and that the premises must have been abandoned by the tenant before he can advance a claim of constructive eviction.

It is thus made apparent that the principal ground of the decision was that the damages sustained by the tenant resulted from a cause for which the landlord was not liable. The question of whether or not there can be a breach of the covenant of quiet possession without an eviction was not raised or determined by the court since the tenant was insisting that he had been constructively evicted.

This court, in the later case of W. E. Stephens Mfg. Co. v. Buntin, 27 Tenn. App. 411, 181 S. W. (2d) 634, 636, certiorari denied by the Supreme Court, July 1, 1944, held that there is always an implied covenant of quiet enjoyment in lease contracts and that such a covenant "means that the lessee will be protected by the lessor from any interference with his possession by one claiming a paramount title or any acts of the lessor which will destroy the quiet and beneficial enjoyment of the use of the property."

It will be noted that the decision in that case antedates the lease contract here involved.

After noting that there is some uncertainty as to the necessity of an eviction or surrender of possession with respect to the right of the tenant to assert a breach of a covenant of quiet enjoyment, the text in 32 Am. Jur. 256, Landlord and Tenant, Section 272, continues:

". . . In many instances, however, the authorities, in determining a tenant's right to assert a breach of a covenant for quiet enjoyment, have permitted a recovery without discussion of the importance of an eviction or giving up of possession or have treated abandonment of possession as unimportant. Among the particular causes of complaint for which recovery for breach of covenant of quiet enjoyment has been had without par-

ticular emphasis upon or discussion of the element of possession may be mentioned abandonment of the premises; the use to which other portions of the leased premises are put by the landlord or by a third person or other tenant with the authority of the landlord; obstruction to access, air, or light; the use to which adjoining premises are put by or under the authority of the landlord; active interference by the lessor with the lessee's possession or use of the leased premises; and failure to repair or furnish power, water, or telephone service.

"A possible view is that the rule requiring an eviction is limited to cases where the tenant is asserting that he is not liable for the payment of the stipulated rental, and that the rule has no application to actions where the tenant asserts a claim for damages for a breach of the covenant for quiet enjoyment even where such claim for damages is asserted by way of set off, recoupment, or counterclaim in an action for rent. . . ."

For this distinction, growing out of the form of the action, the author cites an annotation at 62 A. L. R. 1269, from which it appears that the Supreme Court of Illinois, while holding that there cannot be a constructive eviction so long as the tenant retains possession and that the tenant cannot avoid the payment of rental for the period he occupied the premises, yet the omission of the landlord to perform his covenants may afford the lessee his remedy by an action to recover damages for the breach of the covenant of quiet enjoyment: Keating v. Springer, 146 Ill. 481, 34 N. E. 805, 22 L. R. A. 544, 37 Am. St. Rep. 175. See to the same effect, Metropole Construction Co. v. Hartigan, 83 N. J. L. 409, 85 A. 313; Sheer v. Newman, 105 N. J. L. 624, 146 A. 180; Lee v. Ellis, 169 Ark. 556, 275 S. W. 889, the last two cases,

however, involving covenants of the lessor unrelated to quiet enjoyment.

■■ As has been seen, a covenant of quiet enjoyment protects the lessee from any act of the lessor which destroys the quiet and beneficial enjoyment of the use of the property. W. E. Stephens Mfg. Co. v. Buntin, supra. Although there may be found cases to the contrary, we think the distinction delineated in the text above quoted and in the cases cited between a defensive claim of a breach in an action for rental and an affirmative action for breach of the covenant is well founded and should be followed, when, as in this case, there is nothing in the lease contract indicating an intention to make eviction a condition precedent to the right to rely upon the covenant or to limit the effect and meaning of the covenant to loss of possession.

■ At the time of the execution of the lease contract there was no well defined judicial construction of the term ''quiet enjoyment'' in lease contracts limiting it to total loss of possession and the term should be given the meaning which common speech imports. See Ansley v. Travelers Insurance Co., 27 Tenn. App., 720, 727, 173 S. W. 8 (2d) 702, and cases there cited.

■ It is a modern practice to lease property for business purposes for long terms and there occurs to us no reason why a lessee, after establishing his business on the leased premises, should be forced to await eviction by the lessor or surrender the premises, often at great loss, before claiming a breach of the covenant for interference with his use and possession of the premises falling short of total eviction. It is true, of course, that the lessee has his action at law for trespass. But such action presupposes negligence while an action on the covenant is

based upon a violation of the obligation not to disturb the tenant in the use or occupancy of the premises. Since, as held in Weinstein v. Barasso, supra, the tenant cannot avoid the payment of rent so long as he retains possession, to hold otherwise would in effect force the tenant either to surrender his possession or lose the benefit of the covenant and be relegated to an action of trespass.

While the learned Chancellor may have been in error in entertaining jurisdiction of the suit if the action had been one purely for trespass, since in the view indicated the action was maintainable as one for breach of contract, there was no error in the action of the Chancellor in refusing to dismiss the suit for lack of jurisdiction.

We think the court had jurisdiction on the further ground that the bill, among other things, sought a recovery upon a contract to reimburse complainant for the sum of $100.00 expended on plumbing within the leased premises. There was no motion to dismiss for duplicity and the court, upon taking jurisdiction of the claim for $100.00 growing out of the relationship of landlord and tenant, could properly take jurisdiction for all purposes.

On the merits, after a careful reading of the record, we concur in the finding of the Chancellor that the damages sustained resulted from defective plumbing in the upstairs apartments and that there is no affirmative showing that the loss resulted from the negligence of tenants. A number of witnesses testified that the plumbing was outmoded, old and worn; that leaks were discovered in the pipes between fixtures and that attempts were made from time to time to prevent leaks by taping up the drains underneath lavatories. When leaks occurred defendant was notified but often delayed for days at a time before having the leaks stopped.

■ The plumbing in the upstairs apartments was apparently old and worn if not actually defective when the lease was made. Complainant had no right to go there and remedy the defects and under the rule quoted from Tiffany on Landlord and Tenant in Weinstein v. Barrasso, supra, for such a defect defendant would be liable. See also Anderson Hotels of La. v. Seibert, 213 Ark. 624, 211 S. W. (2d) 876.

■ Finally, it is insisted the court erred in permitting a recovery for the item of $100.00 expended by complainant in moving a commode about the time the new lease was executed in June 1945. It is said that if the agreement was made before the new lease was executed, the agreement to reimburse complainant for this item merged in the new contract while, if made after the lease was executed, there was no consideration for the agreement. We think neither of these positions is tenable. The contract relied upon is wholly distinct and independent of the lease contract.

Plaintiff testified that it was necessary to move the commode in order for him to reach the additional space to be covered by the new lease and that the matter was discussed before the lease was executed though the work was actually done five or six days after the date of the lease; that the defendant finally sent his secretary to go with him to engage a plumber to do the work. The consideration for the agreement was the increased rental to be received by defendant by making available additional space for the use of complainant. Complainant could not use the additional space unless he could get to it and unless he could use it defendant could not earn the increased rental provided by the new lease.

This is not a case like Boyd v. McCarty, 142 Tenn. 670, 222, S. W. 528, relied upon by defendant, where the landlord was under no obligation to make repairs, it being held that an agreement to repair made after the lease was executed was without consideration and unenforceable. Moreover, the removal of the commode is not to be classed as repairs but was a change in the premises for which the lessor, by making the premises more suitable for the tenant, was able to earn an increased rental.

Other questions raised by the assignments have been considered and found without merit and it results that all assignments are overruled and the decree affirmed. A decree will be rendered here for the amount of the recovery with interest and costs.

Howard and Goodman, JJ., concur.