BLUE CIRCLE OF KNOXVILLE, INC., Appellee,

*v.*

G. HILTON BUTLER, Commissioner of Revenue, State of Tennessee, Appellant.

354 S. W. 2d 770.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE, DAVID M. PACK, Assistant Attorneys General, for appellant.

CREEKMORE & THOMPSON, Knoxville, HUGH C. HOWSER, REBECCA THOMAS, Nashville, for appellee.

Mr. Justice White delivered the opinion of the Court.

In this case a taxpayer, Blue Circle of Knoxville, Inc., seeks to recover penalties and interest which accrued as the result of tax deficiencies assessed against it under the Sales and Use Tax Law, Chapter 30, Title 67 T.C.A., Section 3001 et seq.

In the bill the taxpayer sets forth that it has been assessed for tax deficiencies in the amount of $4,314.16 with interest in the amount of $387.04 and penalties in the amount of $1,019.11 or a total amount of $5,720.31 for the taxable years 1958, 1959 and 1960. The assessment for additional tax liability is not questioned but the complainant seeks only to recover the penalty and interest added to the tax.

To the complainant's bill the defendant filed its demurrer setting forth five grounds viz.:

"I.

"The relief sought by the Complainant is contrary to the provisions of Chapter 30, Title 67, Tennessee Code Annotated.

"II.

"The relief sought by the Complainant is contrary to the provisions of Section 3026, Title 67, Tennessee Code Annotated.

"III.

"The assessment of penalty and interest on the taxpayer's deficiency is required under the provisions of Section 3026, of Title 67, Tennessee Code Annotated.

"IV.

"The Complainant shows no equities on the face of its bill which would entitle it to the relief sought.

"V.

"The Complainant is in violation of Section 3034, of Title 67, Tennessee Code Annotated, being a part of the Sales Tax Law and consequently is not entitled to the relief sought."

Upon consideration of said demurrer, and after argument of counsel in open Court, the Court was pleased to and did overrule same, but granted a discretionary appeal from such ruling to this Court as permitted under provisions of Section 27-350 T.C.A.

The appellant assigns only two errors for consideration by the Court in this appeal, viz.:

(1). It was error for the learned Chancellor to overrule the defendant's demurrer because the complainant's bill shows on its face that there are no equities which would entitle it to recover interest paid under protest as a result of tax deficiencies under the Sales and Use Tax Law.

(2). It was error for the learned Chancellor to overrule the defendant's demurrer because the complainant's bill shows on its face that there are no equities which would entitle it to recover penalties paid under protest as a result of tax deficiencies under the Sales and Use Tax Law.

Both of these assignments of error are related to the same proposition of law, according to appellant, that is, the Courts may not relieve a taxpayer from the payment

of interest and penalties assessed as the result of tax delinquencies unless the taxpayer shows sufficient equitable grounds therefor.

The appellee in its reply brief states "a demurrer on the ground that there is no equity upon the face of the bill does not sufficiently state the ground relied upon as required by Section 20-910 of Tennessee Code Annotated."

Said section provides:

"Demurrers for formal defects are abolished, and those only for substantial defects are allowed. *All demurrers shall state the objection relied on.*" (Emphasis supplied.)

Gibson's Suits in Chancery, Fifth Edition, as revised by Crownover, at Section 312 states:

"Formerly, a demurrer to a bill might be general; but now, the Code requires all demurrers to state the objections relied on; and a general demurrer is a nullity. The very objection to be relied on by way of demurrer must be stated in the demurrer, and stated specifically, and not inferentially, or by way of intendment. Thus, if the defendant intends to demur because the Court of Chancery has no jurisdiction of the subject matter in controversy, he must allege this want of jurisdiction as his ground of demurrer." *Kirkman v. Snodgrass,* 40 Tenn. 370; *Bowen v. Metropolitan Life Ins. Co.,* 17 Tenn. App. 322, 67 S.W.2d 164; *Moe v. Sprankle,* 32 Tenn.App. 33, 221 S.W.2d 712.

In the case of *Bowen v. Metropolitan Insurance Company,* supra, the first two grounds of the demurrer filed therein were (1) because there is no equity upon the face

of the bill; (2) because the bill states no cause of action under the policy of insurance exhibited to the bill against this defendant.

To the action of the Chancellor in overruling the demurrer, the defendant excepted but filed an answer. Upon appeal the defendant assigned as error the action of the Chancellor in overruling said demurrer. The Court is disposing of such assignments said * * * "we are of the opinion that the first two grounds of the demurrer are too general, and not specific".

The Court called attention to Section 8784 of the Code of 1932, which is now Section 20-910 T.C.A. The Court in the Bowen case quoted with approval from the case of *Whittaker v. Whittaker,* 78 Tenn. 93, in which the Court held "* * * a demurrer, both at law and equity, must state the specific ground relied on * * *."

To the same effect is *Wilson v. Moudy,* 22 Tenn.App. 356, 123 S.W.2d 828.

In the case of *Pless v. Franks,* 202 Tenn. 630, 308 S.W. 2d 402, in an opinion by Mr. Justice Tomlinson, speaking for the unanimous Court, it was stated:

"Demurrers must specifically state objections relied upon, and mere statement in demurrer that bill, for recovery of additional pension money allegedly due to retired policeman, failed to allege grounds for relief was insufficient to raise issue as to whether decision of board was 'final and conclusive'."

We are of the opinion that the demurrer is too broad and too general and that it does not meet the requirements of Section 20-910 T.C.A. and the decisions of this Court in conformity therewith.

This opinion relates to procedure only and is rendered pursuant to the insistence of the appellee and is not to be construed as passing upon the merits of the cause. In regard to such merits, the appellee relies particularly upon the case of *Tennessee Products & Chemical Corp. v. Dickinson,* 195 Tenn. 63, 256 S.W.2d 709. However, the case of *Combustion Engineering Company, Inc. v. Alfred T. McFarland, Commissioner, Etc.,* 209 Tenn. 75, 349 S.W.2d 138, has been decided by the Court subsequent to the date that the demurrer was overruled by the Chancellor.

For the reason indicated, the action of the Chancellor is affirmed and the case is remanded for further proceedings not inconsistent with this opinion. The cost of this appeal will be borne by the appellant.