O. A. COUCH, JR., Appellant,

*v.*

WALLACE H. HALL, JR., Appellee.

412 S.W.2d 635.

(*Nashville,* December Term, 1966.)

Opinion filed February 10, 1967.

JOSEPH G. CUMMINGS, of counsel, BOULT, HUNT, CUMMINGS & CONNERS, Nashville, for appellant.

W. W. McNEILLY, JR., and LOWE WATKINS, of counsel, WATKINS, McGUGIN & STEWART, Nashville, for appellee.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This appeal is from a decree of the Chancellor sustaining a demurrer to appellant's bill.

The appellant and the appellee are both residents and practicing physicians in Nashville.

The bill alleged that appellant, complainant below, owned a building at 2120 Hayes Street in Nashville. That prior to June, 1963, complainant and defendant, appellee here, entered into a lease of a portion of the ground floor of the building to defendant, and in consideration of the lease, complainant remodeled the ground floor of the building.

The bill alleged, "the offices were designed and constructed particularly for use as physicians' offices with common usage by the parties of the reception room and business office area, and more particularly for use by the defendant on his advice and specifications."

The bill, also, alleged the lease stipulated a monthly rental for a period of ten years. A copy of the lease was made an exhibit to the bill.

The bill further alleged: "That in the summer of 1965, in order to give the office employees of the parties more privacy, complainant added a partition across the front business office, with access door, which allowed both parties full use of and access to both business offices. Defendant, apparently because of a need of additional office space, used this minor alteration as an excuse for breaching his rental agreement, and in December, 1965, moved out of his offices.

"That notwithstanding the terms and provisions of the written contract, defendant has wilfully breached said contract and has failed and refused to pay the monthly rental due and called for. That complainant wrote defendant a letter in October, 1965, calling his attention to his liabilities if he breached his lease agreement, but in spite of this warning and in face of the allegations of the lease contract, defendant wilfully breached said contract by moving and in failing and refusing to pay the rental due after December, 1965, although demand has been made for such."

The bill sought a recovery for the stipulated monthly rental for the first six months of 1966 and for the next seven years thereafter or until the expiration of the lease in June, 1973.

The lease contains the following: "The lessor has and does hereby grant, demise and lease unto the lessee seven hundred and seven square feet of the first floor of the premises situated in Nashville, Davidson County, Tennessee, and known as City of Nashville No. 2120 Hayes

Street, which includes the use of the business office and reception room.

"To have and to hold the above described premises unto the lessee for a period of ten (10) years commencing on the 17th day of June, 1963, and ending on the 17th day of June, 1973.

\* \* \* \* \* \*

"The lessor hereby covenants. that if lessee shall keep and perform all of the covenants of this lease on the part of the lessee to be performed, lessor will guarantee to lessee the quiet, peaceful and uninterrupted possession of the said premises."

The defendant filed a demurrer to the bill which was sustained by the Chancellor. The Chancellor did not file an opinion and state his reasons for sustaining the demurrer.

Complainant has perfected an appeal to this Court and assigned as error the action of the Chancellor in sustaining the demurrer and dismissing the bill.

The question posed by the demurrer was whether the erection of the wall without authority under the lease or by consent of the defendant amounted to a continuing trespass and breach of the covenant to quiet possession in the lease; and, therefore, a constructive eviction of the defendant.

A covenant of quiet enjoyment protects the lessee from any act of the lessor which destroys the quiet and beneficial enjoyment of the use of the property. *W. E. Stephens Mfg. Company v. Buntin,* 27 Tenn. App., 411, 181 S.W.2d 634 (1944); *Moe v. Sprankle,* 32 Tenn.App. 33, 221 S.W.2d 712 (1949).

"In respect of its extent, an eviction may be total or partial. In order to constitute an eviction, it is not necessary that the tenant should be deprived of the whole of the demised premises, for it is a well settled principle that there may be an eviction from a part only. It is always to be implied, in the absence of a stipulation to the contrary, that the tenant shall have the entire occupancy and use of the whole of the rented premises, and if he is ousted from any material part thereof he may treat such interference by the landlord as an eviction and abandon the lease." 52 C.J.S. Landlord and Tenant sec. 446, page 160.

"An intentional act or omission of the landlord or by those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises, constitutes a constructive eviction." 52 C.J.S. Landlord and Tenant sec. 455, page 171.

"It is now well established that any disturbance of the tenant's possession by the landlord, or someone acting under his authority, which renders the premises unfit for occupancy for the purposes for which they were demised or which deprives the tenant of the beneficial enjoyment of the premises, causing him to abandon them, amounts to a constructive eviction, provided the tenant abandons the premises within a reasonable time." 32 Am.Jur., Landlord and Tenant, Section 246, page 232.

"A mere trespass by the landlord upon the demised premises, not intended by him as a permanent amotion

or expulsion of the tenant, so as to deprive him of the possession and enjoyment of the premises, may enable the tenant to recover damages, but will not amount to an eviction." Note, 7 Ann.Cas. 600; *Weinstein v. Barrasso,* 139 Tenn., 593, 202 S.W. 920, L.R.A. 1918D, 1174 (1918); *Wilson v. Smith,* 13 Tenn. 379 (1825).

■ By the demurrer the defendant admitted the truth of all the properly pleaded facts set forth in the bill and relevant inferences of fact deductible from the alleged facts. *Zager v. Cobb,* 192 Tenn. 79, 237 S.W.2d 560 (1951).

The bill alleged the reception room and office area were to be used in common by both complainant and the defendant. That in the summer of 1965, complainant erected the partition wall across the front business office with an access door to permit full use and access to the offices by both parties.

■ It is our opinion under this allegation of the bill whether the erection of the partition constituted a material or substantial impairment or interference, if any, with the defendant's beneficial use of the premises is a question of fact. That is, whether the construction of the wall constituted a trivial or material interference with defendant's beneficial use of the premises.

Whether the construction of the wall with access door for the use of both parties amounted to a constructive eviction of the defendant would, we think, depend upon the condition existing in this area of the leased premises prior to the erection of the partition; the use to which the defendant had put the area and the nature and extent to which such use was interfered with by the wall.

Furthermore, the bill alleged the defendant did not vacate or abandon the premises until approximately six

months after the erection of the wall. Whether he waived his right to assert an eviction by remaining in possession of the premises for that period of time is likewise a question of fact.

"While a tenant, in order to rely on a constructive eviction, is not obliged upon the occurrence of the first neglect of duty on the part of the landlord, which would justify him in abandoning the premises, to elect immediately between an abandonment and a retention of the premises, he must, in order to rely on a constructive eviction, abandon the premises within a reasonable time thereafter. The burden of showing that the vacation of the leased premises took place in a reasonable time is on the tenant." 32 Am. Jur., Landlord and Tenant, Section 251, pages 237-238.

"[A] tenant who continues to occupy the premises for an unreasonable length of time after the acts or omissions that constitute a constructive eviction waives eviction, and may not thereafter abandon the premises and assert it. However, the eviction is not waived because the tenant fails to abandon the premises immediately after the acts or omissions complained of. He has a reasonable time within which to exercise the right of abandonment". 52 C.J.S. Landlord and Tenant sec. 459, page 180.

We are of the opinion the Chancellor was in error in sustaining the demurrer and dismissing plaintiff's bill. His decree is reversed and the cause remanded. Defendant will pay the costs of the appeal. The costs below will await the final outcome of the case.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.