FRITZ, Respondent, v. HALL et al, Appellants.

(205 N. W. 378.)

(File No. 5244.   Opinion filed October 2, 1925.)

**Venue—Denial of Change of Venue to County of Residence of Defendants in Action upon Supersedeas Undertaking Error.**

Denial of change of venue to county of defendant's residence in action on supersedeas undertaking held erroneous, in view of Rev. Code 1919, Secs. 2327, 2328, such action not being within exceptions specified in sections 2324, 2326, even if undertaking be regarded as bail within section 2392, where there was no showing that undertaking had been forfeited.

Appeal from Circuit Court, Pennington County; HON. WALTER G. MISER, Judge.

Action by Amelia B. Fritz against W. S. Hall and others. From an order denying a change of venue, defendants appeal. Reversed and remanded, with directions.

*Johnson & Simons,* of Sioux Falls, for Appellants.

Appellant cited: Wood et al v. Holland et al (Tex.), 19 S. W. 551; Hinsey v. Alcos et al (N. D.), 164 N. W. 296.

37—Vol. 48, S. D.

GATES, J.   In Fritz v. Fritz, 45 S. D. 392, 187 N. W. 719, appellant Fritz in this case was the appellant there.   He there appealed from a judgment adjudging him to be in contempt of court for failure to pay alimony.   The judgment was affirmed in the above case.

This action is brought against appellant and the two sureties upon the supersedeas undertaking given upon that appeal.   The venue of this action was laid in Pennington county, the county in which the divorce action was tried which resulted in the contempt proceeding.   All three of the defendants were residents of and served with process in Lake county.   In due time defendants sought a change of venue to Lake county as provided in section 2328, Rev. Code 1919.   This appeal is from the order of the trial · court denying such change of venue.

Section 2327, Rev. Code 1919, provides that all other actions, aside from those mentioned in the two previous sections, and aside from certain other designated actions, shall be brought in the county in which the defendant or defendants or any of them shall reside at the commencement of the action.   Manifestly, the provisions of section 2325 do not apply to this case; nor do the exceptions mentioned in section 2327 so apply; nor do the first and second subdivisions of section 2326 apply.   The only ground we can conceive of that might constitute a justification for the ruling of the trial court is that mentioned in the third subdivision of said section 2326.   That secton reads:

"*Certain Actions Brought Where Cause of Action Arose.* Actions for the following causes, or upon the following instruments, must tbe tried in the county where the cause, or some part thereof, arose, *or the forfeiture was declared,* subject to the power of the court to change the place of trial:

"1. For the recovery of a penalty or forfeiture imposed by statute, except that when it is imposed for an offense committed on a lake or river, or other stream of water situated in two or more counties, the action may be brought in any county bordering on such lake, river or stream, and opposite to the place where the offense committed;

"2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office,

or against a person, who, by his command or his aid, shall do anything touching the duties of such officer;

"3. Upon a forfeited recognizance, bond or undertaking of bail."

Prior to the adoption of chapter 122, Laws 1909, that section did not have subdivision 3 nor the italicized words in the preamble.

Is the undertaking in question a recognizance, bond, or undertaking of bail? It might be urged that, since the effect of the undertaking was to keep the principal out of jail pending appeal, the effect of it was the same as an undertaking of bail. Under our arrest and bail statute the undertaking of bail is required to provide that the defendant shall at all times render himself answerable to the process of the court during the pendency of the action. Rev. Code 1919, § 2392. The undertaking in question was in the ordinary form of a supersedeas undertaking on appeal. Aside from the usual provision for costs and damages not exceeding $250, the undertaking provided:

"And do also undertake that if the said order and judgment so appealed from, or any part thereof, be affirmed, or said appeal be dismissed, the said appellant will pay the amount directed to be paid by the said order and judgment, or of the part of such amount as to which the said order and judgment shall be affirmed, if it be affirmed only in part and all damages and costs that shall be awarded against said appellant on said appeal."

We think it unnecessary to decide whether this undertaking was one of bail, because even if it was the ruling of the trial court was erroneous, for the season that there is no showing in the record that the undertaking had been declared forfeited. The first part of said section 2326 clearly contemplates that a forfeiture shall have been declared, and the third subdivision clearly applies only to an action brought upon a forfeited recognizance, bond, or undertaking.

For the reasons given, the order appealed from is reversed and the cause is remanded, with directions to enter an order changing the place of trial to Lake county.

Note.—Reported in 205 N. W. 378. See, Headnote, American Key-Numbered Digest, Venue, Key-No. 21, 40 Cyc. 128.