*334
 
 Hart, J.
 

 The'sole question to be decided is: May an action in mandamus against the Industrial Commission, as respondent, to compel it to hear, and allow a claim for compensation to the relator, injured in the course of his employment in Summit county, be maintained in the Court of Appeals of that county through service of summons on the respondent in Franklin county?
 

 The relator contends that his cause of action in the instant case, or at least a part thereof, arose in Summit county and that as a consequence Section 11271, General Code, which he claims is a statute of jurisdiction as well as venue, applies not only to give the Court of Appeals of Summit county jurisdiction of the action but requires it to be brought in that county. On the other hand, the respondent contends that relator’s cause of action, if any, did not arise in Summit county and that as a consequence the commission cannot be summoned into that county to defend the action. The determination of the question must depend upon the application of Section 11271, General Code, to the facts of this case.
 

 The pertinent part of Section 11271, General Code, is as follows:
 

 “Actions for the following’causes must be brought in the county where the cause of action or a part thereof arose: * * * 2. Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty.”
 

 Under the terms of the foregoing statute, it must be conceded that if relator’s cause of action arose in Summit county, the action must be brought in that county.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Hollenberger,
 
 76 Ohio St., 177, 183, 81 N. E., 184;
 
 Pennsylvania Co.
 
 v.
 
 O’Connell,
 
 84 Ohio St., 218, 95 N. E., 773, Ann. Cas. 1912C, 540.
 

 Clearly, the statute in question is not only a venue statute but a jurisdictional one as well. It remains
 
 *335
 
 to be determined whether in the instant case the cause of action arose in Summit county.
 

 A “cause of action” arises out of the right and the wrong on which the action is based. It is “the faot or combination of facts which gives rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf.”
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Larwill,
 
 83 Ohio St., 108, 115, 93 N. E., 619, 34 L. R. A. (N. S.), 1195. See, also,
 
 Van Camp
 
 v.
 
 McCulley, Trustee,
 
 89 Ohio St., 1, 6, 104 N. E., 1004;
 
 Tinker
 
 v.
 
 Sauer,
 
 105 Ohio St., 135, 143, 136 N. E., 854;
 
 Rowe
 
 v.
 
 Richards,
 
 35 S. D., 201, 151 N. W., 1001, L. R. A. 1915E, 1075.
 

 In considering the term “cause of action” in its application to the litigation in hand, a distinction must be made between the claim of the relator for compensation and the facts which give rise to the case at bar. The right which the relator claims, and here asserts, is to have his compensation claim heard and allowed by the commission. The wrong which he claims in his petition to have suffered is the refusal of the commission to act on his claim. The relief sought is that the commission be required by the writ of mandamus to act upon and allow his claim. His alleged right, his claimed wrong, and the relief which he demands — the elements of his alleged cause of action which makes necessary the action itself — are all centered in the commission and its failure or refusal to act in its official capacity. Furthermore, a cause of action “arises” at the place where the facts creating the necessity for bringing the action occur.
 
 Atlantic Coast Line Bd. Co.
 
 v.
 
 Powell,
 
 127 Ga., 805, 56 S. E., 1006, 9 L. R. A. (N. S.), 769;
 
 Goodwin Preserving Co.
 
 v.
 
 Davis,
 
 201 Ky., 646, 649, 258 S. W., 97, 98.
 

 A brief reference to certain cases heretofore before this court for consideration, involving the question of jurisdiction over the subject-matter of the action, will
 
 *336
 
 be helpful in giving answer to the question now before the court.
 

 In the case of
 
 Meeker
 
 v.
 
 Scudder,
 
 108 Ohio St., 423, 140 N. E., 627, the plaintiffs sought to control the action of the Ohio State Medical Board through a writ of injunction in the Common Pleas Court of Hamilton county, claiming that the cause of action arose in that county and that such court had jurisdiction over the subject-matter in that county by virtue of the provisions of Section 11271, General Code. Summonses were issued by the clerk of courts of Hamilton county to the sheriffs of the respective counties in which the individual members of the board resided and were there served upon them. The defendants filed a motion to discharge a temporary injunction which had been granted, and filed an answer in which, among other defenses, they averred that the alleged cause of action, if any, arose in Franklin county, Ohio, where the office of the defendants, the state medical board, is located, and that the court was without jurisdiction of the action. Plaintiffs filed a demurrer to the several defenses set up in the answer which was overruled as to defenses other than that of no jurisdiction, and it was held that it was unnecessary to pass on the demurrer as to the last-named defense. The plaintiffs electing not to plead further, the temporary injunction was discharged and the petition dismissed. On appeal, this judgment was affirmed by the Court of Appeals and later by this court, which held that, “under Section 11271, General Code, actions against the Ohio state medical board and other public officers having their official place of business in Franklin county, and in no other county, can be instituted only in Franklin county. ’ ’
 

 This court holds that the relator’s alleged cause of action against the Industrial Commission did not arise in Summit county, and that the Court of Appeals of
 
 *337
 
 that county correctly decided that it did not have jurisdiction of the action.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Turner, JJ., concur.