MEIHAK, Respondent, v. SCHRECKENGHAUST, et al Appellant

(297 N. W. 122.)

(File No. 8440. Opinion filed March 27, 1941.)

**Tom Kirby,** of Sioux Falls, **T. B. Thorson,** of Rapid City, and **E. V. Morrill,** of Sturgis, for Appellants.

**H. F. Fellows,** of Rapid City, and **Morrison & Skaug,** of Mobridge, for Respondent.

ROBERTS, J. This is an appeal from an order denying a motion for change of place of trial. Defendants applied for and obtained from this court leave under the provisions of SDC 33.07 to appeal from this order. Plaintiff

commenced this action in Pennington county for the recovery of damages against Floyd Schreckenghaust, Walter A. Miller, and the Western Surety Company as surety on their official bonds. The alleged cause of action is for false imprisonment. It is alleged that defendant Schreckenghaust, as Sheriff of Meade county, and defendant Miller, as Deputy Sheriff, arrested plaintiff on October 2, 1939, in Sturgis, Meade county, South Dakota, and confined him in the jail in that city; that on the following afternoon, the defendants took plaintiff to Rapid City, Pennington county, where they placed him in jail; and that the arrest and the subsequent detention of the plaintiff were without warrant or legal process and were unlawful. The complaint contains other allegations as to the damages sustained by the plaintiff.

Before the time for answering expired, defendants demanded in writing that the place of trial be changed to Meade county. Plaintiff refused to consent to a change of venue, and the defendants secured an order to show cause why the venue and place of trial should not be changed to Meade county. Defendants based their claim upon the ground that defendants Schreckenghaust and Miller were residents of Meade county where they were served with process. The defendant Western Surety Company joined in the demand and consented that the trial be had in Meade county.

Under SDC 33.0304, a defendant is entitled to have an action against him tried in the county of his residence, except as otherwise specified by statute. Fritz v. Hall, 48 S. D. 577, 205 N. W. 378. A change of place of trial may be had under the provisions of SDC 33.0306, "when the county designated * * * in the complaint is not the proper county." The proper county referred to is the county in which actions are required to be tried by SDC 33.0301, 33.0302, 33.0303, and 33.0304. The right conferred on a defendant to have the place of trial changed to the proper county is a substantial right, and the court has no discretion except to hear and grant an application based upon a ground which entitles a defendant to a change pro-

vided a timely demand and motion in due form are made. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; Ivanusch v. Great Northern Ry. Co., 26 S. D. 158, 128 N. W. 333; see, also, Olson v. City of Sioux Falls, 63 S. D. 563, 262 N. W. 85, 103 A.L.R. 1022. It is admitted that defendants Schreckenghaust and Miller resided at the time of commencement of this action in Meade county, but plaintiff contends that the action is properly triable in Pennington county under the provisions of SDC 33.0303. This section reads: "Actions for the following causes, or upon the following instruments, must be tried in the county where the cause, or some part thereof, arose, or the forfeiture was declared, subject to the power of the Court to change the place of trial: * * * (2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person, who, by his command or his aid, shall do anything touching the duties of such officer; * * *."

If a public officer be charged with "an act done by him in virtue of his office," the action must be tried in the county where the cause of action or some part thereof arose. The nature of an action, where the place of trial is in question, is determined by the allegations of the complaint. It sufficiently appears from the complaint that the acts complained of were committed by each of these defendants "in virtue of his office."

In the case of Haffner v. United States Fidelity & Guaranty Co., 35 Idaho 517, 207 P. 716, 717, the Supreme Court of Idaho construed statutory provisions identical or similar to those under consideration. The action for false arrest and imprisonment was brought in Brannock county, Idaho. Defendants made motion for change of venue to Power county, Idaho, on the ground that they were residents of the latter county. The court said: "Since the arrest occurred in Brannock county, and the imprisonment in Power county, some part of the second cause of action arose in each of these counties. * * * The court in Brannock county had jurisdiction, and the statute did not require that the cause be removed to Power county."

See, also, State ex rel. Stephens v. District Court, 43 Mont. 571, 118 P. 268, Ann. Cas. 1912C, 343; Enos v. American Surety Co., 95 Mont. 588, 28 P.2d 197; Ellis v. Baker, 62 App. Div. 542, 71 N.Y.S. 88.

The cause of action is based in part upon the imprisonment in Pennington county. Since a part of the cause of action arose in that county, the action was properly brought there and the trial court did not err in denying the motion for a change of place of trial.

The order appealed from is affirmed.

All the Judges concur.