TENNESSEE PRODUCTS & CHEMICAL CORP. *v.* DICKINSON.

(*Nashville*, December Term, 1952.)

Opinion filed March 6, 1953.

WALLER, DAVIS & LANDSEN and MACLIN P. DAVIS, JR., all of Nashville, for complainant.

ROY H. BEELER, Attorney General, ALLISON B. HUMPHREYS, Solicitor General, and MILTON P. RICE, Assistant Attorney General, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit under Code Section 1790, to recover penalties paid under protest, assessed for the non-payment of the total amount of taxes due under the Sales and Use Tax Act, Chapter 3, Public Acts of 1947, as amended.

In February 1952, the complainant, on the report of a State auditor, was back-assessed for Sales and Use Tax for the period from June 1947, the effective date of the Act, to and including October 1951. It is admitted that

during this period the complainant had made returns and paid Sales and Use Tax as required by law, in the total amount of $223,934.31, and the back-assessment was for an additional principal tax of $8,701.64, interest in the amount of $1,346.37, and penalty in the sum of $2,221.19, so that the back assessment of tax amounted to somewhat less than 4% of the taxes actually paid.

When, in February 1952, the representative of the State came to examine the books of the complainant, the complainant cooperated in every way, and was ready and willing to pay the total amount of taxes legally due. The additional amount of tax assessed, together with interest, was paid upon the demand of the Commissioner, and it was only the penalty in the sum of $2,221.19 that was paid under protest, and for which this suit is brought.

The hearing before the Chancellor was on bill and answer. As originally passed, Section 8 of Chapter 3, Public Acts of 1947, provided, "When any dealer shall fail to make any return * * * there shall be imposed * * * a specific penalty * * *." By Section 3 of Chapter 245, Public Acts of 1949, this section was amended to read: " 'When any dealer shall fail to make any return and pay the full amount of the tax required * * * ' " Under that development of the law, the Chancellor held on the facts of this case, that for the period between June 1, 1947, and April 15, 1949, the effective date of the amendment, the complainant was not liable for penalty, but that for the period from April 15, 1949, through October 1951, the complainant was liable for such penalty. From the portions of the decision of the Chancellor which were adverse to their respective interests, both parties have perfected appeals.

In construing the section of the Act as it was originally passed, and as it was amended, since it imposes

a tax penalty, it is to be construed strictly against the State, and liberally in favor of the taxpayer. That "penalties are odious and not favored by the law," and that taxing statutes are to be liberally construed in favor of the taxpayer, are elementary principles which need no citation of authority.

There is, however, another rule recognized by the courts which they have applied in dealing with the complexities of taxing statutes and their administration. It was employed and expressed by Judge Green in *Memphis Natural Gas Co.* v. *McCanless*, 180 Tenn. 695 at pages 705-706, 177 S. W. (2d) 843, 847:

"This controversy is being waged in a court of equity and this Court, since *East Tennessee Brewing Co.* v. *Currier*, 126 Tenn. 535, 150 S. W. 541, has exercised the power of remitting penalties imposed upon taxpayers when the equities of the case seem to demand. See also *Shipp* v. *Cummings*, 158 Tenn. 526, 14 S. W. (2d) 747, and *State* v. *Rowan*, 171 Tenn. 612, 106 S. W. (2d) 861."

In 1947, the Sales and Use Tax was imposed as a new tax on the people of Tennessee. That the calculation of the Tax was complex and uncertain, is sufficiently evidenced by the number of cases this Court has considered since the effective date of the Act in 1947, and the decision of this Court upholding the validity of the Act in *Hooten* v. *Carson*, 186 Tenn. 282, 209 S. W. (2d) 273. While there is conflict about revenue statutes whether they shall be given a liberal or strict technical construction, there is no conflict in the principle that they should be given "a fair construction to effect the end for which they were intended", *Mills* v. *Thurston Co.*, 16 Wash. 378, 47 P. 759, 760; *Knox* v. *Emerson*, 123 Tenn. 409, 415, 131 S. W. 972. In the present case, we think the

penalty imposed by the Legislature by Code Sec. 1328.30 (c), as it was originally passed in 1947, and amended in 1949, was to impose a penalty upon an evasive, careless, and recalcitrant taxpayer, and not to penalize a taxpayer who, acting in good faith, made monthly returns and payments as and when they fell due, and paid all but 4% of the tax promptly. In the present case, "the equities of the case seem to demand," *Memphis Natural Gas Co.* v. *McCanless*, supra, that no penalties be imposed.

In so far as the Chancellor remitted the penalties for the period prior to April 15, 1949, his decree is affirmed, and in so far as he refused to remit the penalties for the period from April 15, 1949 to October 1951, his decree is reversed.

The case is remanded to the Chancery Court for entry of a decree to conform with this opinion, and the State will pay the costs.

TOMLINSON, Justice, not participating.