Frank Swartz, etc.

*v.*

Z. D. Atkins, etc.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

R. C. Boyce, Jr., Nashville, for appellant.

George F. McCanless, Attorney General, Allison B. Humphreys, Solicitor General, and Milton P. Rice, Assistant Attorney General, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

Swartz has filed this suit to recover a penalty that he paid for delinquency in paying certain use taxes. The penalty was assessed along with sales and use taxes under Section 67-3001 et seq., T.C.A., and was particularly the five per cent penalty for delinquency in making

payment under Section 67-3026, T.C.A. The reason advanced by Swartz for this delinquency, that is, not paying the tax when due, was his unawareness of the fact that taxes were owed with respect to his use of certain tangible personal property in the course of his business.

The suit was demurred to. The demurrer was sustained by the Chancellor and the taxpayer has appealed. Briefs have been filed and arguments heard and we now have the matter for disposition.

The complainant is a resident of Davidson County and is the proprietor of Frank Swartz Sales Company, a concern engaged in the business of selling to ultimate consumers and users coin-operated phonographs, pin ball machines and parts therefor and in servicing and repairing such devices. Complainant is registered under the Tennessee Sales and Use Tax law.

The tax here was based upon his failure for some four or five years to pay the base use tax on various machines which were placed on locations in restaurants and other public places for the purpose of testing, demonstrating and advertising them, which machines were at all times for sale. The machines stayed on these locations anywhere from a week to six months or more and while on location were played by the public generally. It is conceded that the base tax with the six per cent interest thereon as assessed was due under the Act. The only question is whether or not the five per cent penalty for failure to pay these taxes should have been assessed and collected by the Commissioner.

The demurrer to the bill is based on two grounds, first that the bill showed on its face that the taxpayer exercised a taxable privilege during the years in question

and did not pay these taxes with respect to such activity for the sole reason that the taxpayer was unaware that such taxes were owed, a reason insufficient in law to relieve the taxpayer of the statutory penalty, and second, that the statute, contrary to the averment of the bill that it was intended to impose a specific penalty of five per cent per month only upon those who wilfully defraud the State, in truth provided a specific penalty in the amount of fifty per cent in those cases where fraudulent intent was shown.

The taxpayer's appeal, as was his case below, is primarily bottomed on an opinion of this Court of *Tennessee Products & Chemical Corp. v. Dickinson,* 195 Tenn. 63, 256 S.W.2d 709, 710, wherein this Court recognized that it, under its broad equitable powers, would relieve a taxpayer of penalties when equity demanded. The Court in the opinion used certain language which probably misled the taxpayer in filing this suit. This language was that the Act,

"was to impose a penalty upon an evasive, careless, and recalcitrant taxpayers, and not to penalize a taxpayer, who, acting in good faith, made monthly returns and payments as and when they fell due, and paid all but 4% of the tax promptly."

When one reads and analyzes the opinion carefully it will be seen that this language is far broader than the holding of the opinion. All that the opinion holds is that the Court will relieve of penalties if the equities of the case demand under the broad equitable powers of a Court of Chancery.

The Act imposing the penalty is Section 67-3026, T.C.A., which insofar as here concerned provides:

"When any dealer shall fail to make any return and pay the full amount of the tax required by this chapter there shall be imposed in addition to other penalties provided herein, a specific penalty to be added to the tax in the amount of five per cent (5%), if the failure is for not more than thirty (30) days, or fraction thereof, during which the failure continues, not to exceed twenty-five per cent (25%) in the aggregate. In the case of a false or fraudulent return, where willful intent exists to defraud the state of any tax due under this chapter, a specific penalty of fifty per cent (50%) of the tax shall be assessed."

The obvious reading of the quoted portion of the statute just above quoted clearly implies and shows that it was the intention of the Legislature to apply a five per cent penalty on anyone who failed to make a return and pay his tax as required by other sections of the Act. This statement is fortified by the last sentence quoted above wherein a specific fifty per cent penalty is specified when this failure is due to "willful intent". In other words the latter section fortifies and strengthens and makes more certain than ever that it was the intention of the Legislature in making the five per cent penalty to make it apply in any instance where the taxpayer had failed to make his return and make the payments on time.

Clearly to us this is what the Act and the statute provide, that a penalty is attached regardless of the willfulness of it, but this does not relieve, or have anything to do with the powers of a Court of Equity which may relieve, of these penalties if the equities of the situation demand. This is shown by *Tennessee Products & Chemical Corp. v. Dickinson, supra,* and other authorities there cited. In *Tennessee Products & Chemical Corp. v. Dick-*

*inson, supra,* the facts as shown by the opinion, equity did demand that this penalty be relieved.

In the case before us what are the equities? The only equities are the want of knowledge or acquaintance with the laws of this State insofar as they are applied to the duty of this taxpayer to make a return and pay the taxes. This taxpayer was familiar with the sales tax law and he avers that he had been paying sales taxes on time. By reading a little further or upon consulting counsel it would have been found by him, with the greatest of ease, that the taxes were due when he placed his machines on location as he did herein.

If the complaint or reason advanced by the taxpayer of ignorance would be sufficient to excuse the payment of this tax demanded then every taxpayer could very easily use the same excuse and honestly do so. All he would have to do would be to fail to read the papers of the Acts or to consult his counsel or to talk to individuals then he could say that he was honestly unaware that there was a tax on this or that act. The law does not recognize such an excuse as an equity in favor of relieving a taxpayer of his obligation when by the slightest investigation or inquiry these things, that is taxes, could have been determined.

In purely equitable claims equity will grant or refuse relief at its discretion, but when the claim is a legal claim or demand as the statute fixes it here, equity will, as a rule, apply the requirement of the statute and not relieve the claim. Generally in considering the equity of the situation as is here the Court looks to the showing or ability of the one claiming the equity to have prevented the prejudicial situation in which he finds himself.

"A court of equity, however, cannot create rights, but is limited to determining what rights the parties have and whether or in what manner it is just and proper to enforce them." 19 Am.Jur., p. 45, Sec. 10.

This taxpayer does not allege that he was misled by the defendant or others whose duty it was to administer the law. The taxpayer does not say that he ever sought or inquired whether or not there was any tax due for the way he was using his property. The taxpayer was located in the Capitol City of this State and it would have been a very easy thing for him to have found out whether or not he was doing something that was taxable. Of course none of us likes to pay taxes and particularly penalties that are imposed for failure to make this payment. This though does not excuse us. All citizens know that the Government and everything connected therewith is supported by taxes too numerous to mention and consequently those of us that are in business should know that it is our obligation to inquire as to whether or not there is a tax on this or that.

Having considered this matter very carefully we must affirm the Chancellor because, as we see it, there are no equities in favor of relieving the taxpayer of this penalty herein. The case is accordingly affirmed with costs.