Combustion Engineering Company, Inc., Appellant,

*v.*

Alfred T. MacFarland, Commissioner of Revenue,
State of Tennessee, Appellee.

349 S. W. 2d 138.

(*Nashville,* December Term, 1960.)

Opinion filed September 5, 1961.

76

Taber, Chambliss & Stophel, Chattanooga, for appellant.

George F. McCanless, Attorney General, Milton P. Rice, Davis M. Pack, Assistant Attorneys General, for the State.

Mr. Justice Swepston, delivered the opinion of the Court.

Appellant brought this suit to recover $14,241.13, consisting of two items: penalty $10,230.33, interest $4,-010.80, assessed against it for tax deficiencies determined by the Department of Revenue to be owing by the complainant for the period beginning January 1, 1954, through May 31, 1959. The Chancellor heard the suit

on stipulated facts and denied complainant relief except on one item which will be referred to hereinafter.

Both parties have appealed and assigned error to that part of the decree adverse to each.

The first five assignments of error by appellant raise this question: Is appellant entitled to equitable relief against penalty and interest paid under protest on the total amount of back assessments under the sales and use tax statute. T.C.A. sec. 67-3001 et seq.?

The sixth and final assignment raises this question: Is appellant entitled to relief *pro tanto* by way of setoff because during the period involved in which the liability for $43,552.52 was incurred for failure to report and pay certain items, the complainant overpaid on certain other items a total amount of $11,495.01?

The stipulation shows that appellant is a large manufacturing concern with the home office in New York and manufacturing branches in a goodly number of other places throughout the country, one of which is in Chattanooga, Tennessee. In the course of its manufacturing business, a tremendous quantity of raw materials have to be purchased and used.

When the detail of the explanations given in the sitpulation of facts is examined, it is found that in each instance the failure to report certain items was due to errors, oversights, improper coding of machines, and so on, of its various record keepers and accountants, whose duty it was to attend to this phase of the business. For instance, in one situation an independent firm, Arthur Anderson & Company, was employed to install IBM machines to be used for the determination of the tax liabili-

ty on new equipment and expense orders; the detailed written instructions for operating these machines prepared by this Company omitted one of the steps necessary for this purpose. On the other hand, the stipulation fails to show that the failure to make timely tax return on these several items was due to the taxpayer being misled by any third parties especially one connected with the Revenue Department.

This Court has had the question of equitable relief in connection with reporting and paying these taxes in two cases: *Tennessee Products & Chemical Corp v. Dickinson*, 1953, 195 Tenn. 63, 256 S.W.2d 709; and *Swartz v. Atkins*, 1958, 204 Tenn. 23, 315 S.W.2d 393.

Appellant relies strongly on the first of these cases because of the broad language used in that opinion. When the latter opinion is examined, however, it will be seen that this Court has not followed that broad language in determining what the equities of the case should be to justify the Court in granting relief in the face of a legal claim or demand such as the statute T.C.A. sec. 67-3026 fixes, as the same is construed in this latter opinion. We think that under this Swartz case the appellant has not made out a case entitling it to equitable relief.

With reference to the second question, the brief in behalf of the State points out several reasons why the Department of Revenue could not properly allow such a setoff. For instance, the statute provides "all penalties and interest imposed by this chapter shall be payable to and collectible by the commissioner in the same manner *as if they were a part of the tax imposed*", i. e., when a deficiency occurs the interest and penalties become a part of the tax itself so that the Department has no discretion to

remit the penalty and interest. Also, that no setoff against the State can be maintained without the express consent of the State itself. *Moore v. Tate,* 87 Tenn. 725, 745, 11 S.W. 935.

 Under our statute, T.C.A. sec. 20-1001 statutory setoff must be sufficient to support an independent action by the defendant against the complainant and likewise with regard to recoupment. Gilreath's-Caruthers' History of a Lawsuit, 7th Ed., p. 281, Sec. 242.

The same is true of equitable setoff. See same section note 55.

██ The status of this suit, therefore, is the taxpayer has paid the penalty and interest on delinquent amounts of sales and use tax and since the payment was made under protest, the statute gives it a right to bring that aspect of this suit. In the same proceedings, the taxpayer requests that if it is entitled to recover the full amount, it should receive credit of the interest value of the amount of overpayments made during the same period.

We are unable to find any provision of the statute giving a right of action of this latter aspect against the State and since it is a plenary and independent action not provided for by statute, we do not see how even a court of equity could grant relief when the same would be tantamount to creating such an action against the State.

The Chancellor's decree is accordingly affirmed as to these two questions.

██ The assignment of error in behalf of the State is "it was error for the learned Chancellor to decree that the complainant is entitled to recover interest and penalty paid by it upon tax levied upon the use of fuel oil."

The Chancellor allowed a recovery of $940.17, interest and penalty, on fuel oil for the period 1954-1959 on the theory that there had been "considerable difference of opinion in the State Department of Revenue as to which of these transactions should be taxable * * *."

He did this because of a statement in the stipulation that the division treasurer of the company at Chattanooga had classified fuel oil for heating and annealing purposes as not subject to the tax, basing his classification upon his recollection of having a letter from the Department of Revenue to that effect. As a matter of fact, however, it was determined in 1949 in the case of *Phillips & Buttorff Mfg. Co. v. Carson,* 188 Tenn. 132, 217 S.W.2d 1, that fuel oil for all other purposes than annealing was taxable. It seems most unlikely that the Department would have written a letter at any time after the determination of that lawsuit to the effect that fuel oil for heating purposes was not taxable. No tax has been assessed or collected for fuel oil used for annealing. Without any discredit of the division treasurer's belief, it would seem that his memory was most likely faulty in this respect. Accordingly we think the Chancellor was not justified in granting this relief, because it was most likely the error of the company treasurer at Chattanooga.

For the foregoing reasons, the Chancellor's decree is reversed in that regard; otherwise affirmed in all respects, with costs against the company.

All concur.