CITY OF AKRON, APPELLEE, *v.* OTIS K. KRUMROY & SONS, INC., ET AL., APPELLANTS.

(No. 6123—Decided July 3, 1968.)

*Mr. William R. Baird,* director of law, and *Mr. Robert H. Colopy,* for appellee.

*Messrs. Brouse, McDowell, May, Bierce & Wortman* and *Mr. Karl S. Hay,* for appellant Otis K. Krumroy & Sons, Inc.

*Mr. William B. Saxbe,* attorney general, and *Mr. Brooks G. Trueblood,* for appellant Alfred C. Gienow, Director of Public Works.

DOYLE, J. This action was commenced by the city of Akron, in the Court of Common Pleas of Summit County, against Alfred C. Gienow, Director, Department of Public Works, state of Ohio, and Otis K. Krumroy & Sons, Inc., a corporation. A declaratory judgment was there sought "on the following legal questions: (a) Must the state of

Ohio submit its plans for approval to the Akron Building Department, when building in the city of Akron? (b) Must the state of Ohio conform to the requirements of the Akron Building Code, when building in the city of Akron; and for other and further relief in law or equity."

The facts giving rise to the above request are set out in the pleading substantially as follows:

Akron, Ohio, is a "charter city with home rule powers"; Otis K. Krumroy & Sons, Inc., is a private corporation engaged in the business of " * * * erection and construction of a proposed building on East Market Street for the owner, the state of Ohio, Bureau of Unemployment Compensation"; Alfred C. Gienow is the "duly appointed Director of Public Works for the state of Ohio and in such capacity is charged with the responsibility for the construction and erection of the proposed subject building on East Market Street."

The petition continues:

"Plaintiff says further that defendant, Otis K. Krumroy & Sons, Incorporated, did commence construction on the subject building on East Market Street without first making application and receiving a permit from the Superintendant of Building Inspection for the city of Akron, and denies any legal obligation to do so; and that defendant, Alfred C. Gienow, representative of the owner of the proposed subject building did not make application and did not receive a permit before commencement of construction of the subject building and denies any legal obligation to do so."

It is asserted by the plaintiff that, under the provisions of the city charter, a department of building inspection was created for such city and that the ordinances of the city, and statutes of the state, require that prior to construction the approval of the building plans be secured from the Municipal Building Department; that neither the builder nor the state Department of Public Works submitted to the city its plans for construction, nor obtained a permit of approval from the city officials; and that the defendants deny a legal obligation to comply with the city ordinances.

After the Court of Common Pleas had overruled a motion of the state Department of Public Works to quash service of summons, the case came on for trial, and the following judgment was entered, from which the instant appeal is taken:

"* * *.

"The matter was submitted upon the pleadings, evidence, briefs and argument of counsel.

"The court, upon consideration of all of the evidence and law with particular consideration of the statutory laws of this state, answers the questions (a) and (b) above in the affirmative and further finds: that the definition of 'public building' in Section 3781.06, Revised Code, includes buildings erected by the state government; and that the Department of Public Works, state of Ohio, is bound by Section 3791.04, Revised Code, and must submit its plans to the Akron Building Department with reference to the Bureau of Unemployment Compensation building and must meet and conform to the requirements of the Akron Building Code.

"The defendant, Alfred C. Gienow, Director of Public Works of the state of Ohio, having appeared specially and having renewed his motion for an order quashing service of summons on him, this court does not find said motion to be well taken and accordingly overrules the same.

"* * * *."

The appellant Director of Public Works, in his first assignment of error, says:

"The Court of Common Pleas erred in refusing to sustain the motion to quash and in its finding that the Court of Common Pleas of Summit County has venue over a case in which the primary issue involves official acts of the head of a department of the state government of the state of Ohio, specifically the Director of Public Works."

Pertinent to this claim is Section 2307.35, Revised Code, which, in part, is:

"Actions for the following causes must be brought in the county where the cause of action or part thereof arose:

"(A) * * *

"(B) Against a public officer, for an act done by him

in virtue or under color of his office, or for neglect of his official duty."

It has been forcefully declared by the Supreme Court of Ohio that this statute "is not only a venue statute but a jurisdictional one as well." (*State, ex rel. Hawley,* v. *Industrial Commission,* 137 Ohio St. 332 at 334.) Consequently, if the challenged conduct of the state official was "done by him in virture or under color of his office," and the acts of which complaint is made occurred in Columbus, Franklin County, Ohio, the seat of state government, and the official residence of the Department of Public Works, the Summit County court had no jurisdiction over the action.

By virtue of Section 123.01, Revised Code, the Department of Public Works has power "to have general supervision over the construction of any projects, improvements, or public buildings constructed for the state government, or any department, office, or institution thereof, and over the inspection of materials previous to their incorporation into such project, improvement, building, or works;" and "to make contracts for and supervise construction of any projects and improvements, or construction and repair of buildings under the control of the state government, or any department, office, or institution thereof * * *."

There are certain exceptions following the above quoted part of the statute, which, however, are not applicable to the case now under examination.

In a decision rendered by this court more than a quarter of a century ago, we held that a mandamus suit to compel the Industrial Commission to grant a rehearing, or to command it to revoke a finding that a Summit County claimant under the workmen's compensation law is not entitled to further compensation, involves a subject matter of which Courts of Appeals of the state generally have jurisdiction, but a particular Court of Appeals does not have jurisdiction of a particular suit of such character unless such suit is brought in a county where the cause of action, or part thereof, arose; and that, in the case before us, the official acts of the Industrial Commission, which, it is claim-

ed, gave rise to such a cause of action against it, occurred in Franklin County, and that is where the cause of action arose. *State, ex rel. Hawley,* v. *Industrial Commission,* 64 Ohio App. 271. We there applied Section 11271, General Code, to the facts before us. This section of the General Code was re-enacted in substantially the same language into the present Section 2307.35, Revised Code, *supra.*

Our case was appealed to the Supreme Court, and there affirmed in *State, ex rel. Hawley,* v. *Industrial Commission,* 137 Ohio St. 332.

The Supreme Court's syllabus reads:

"A cause of action, if any, in a mandamus suit to compel the Industrial Commission to hear and allow a claim for workmen's compensation denied on rehearing to a relator who was injured in the course of his employment *in any county in the state,* arises in Franklin County, the official residence of the Commission." (Emphasis ours.)

Over the years since these decisions, the statute has been litigated in numerous cases, with the *Hawley case* reasoning applied by the Supreme Court. See: *State, ex rel. Rhodes, Aud.,* v. *Solether, Judge,* 162 Ohio St. 559; *State, ex rel. Barber, Pros. Atty.,* v. *Rhodes, Aud.,* 165 Ohio St. 414; *State, ex rel. Gregory,* v. *Masheter, Dir. of Hwys.,* 3 Ohio St. 2d 43.

In the case before us, the Department of Public Works has its official situs in Columbus, the State Capitol, in Franklin County; there it transacts its official business; and there it performed the acts of which complaint is here made; and there this suit must be filed to the end that a court having jurisdiction of the subject matter may be secured.

The judgment of the Court of Common Pleas will be reversed, and the action dismissed for lack of jurisdiction in the Court of Common Pleas of Summit County.

*Judgment reversed.*

BRENNEMAN, P. J., and HUNSICKER, J., concur.