**HILLS MATERIALS COMPANY, INC.,**
**Plaintiff and Appellee,**

v.

**R. VAN JOHNSON, Secretary of Reve-**
**nue, Defendant and Appellant.**

No. 13470.

Supreme Court of South Dakota.

Argued Jan. 19, 1982.

Decided March 3, 1982.

Edward C. Carpenter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for plaintiff and appellee.

John P. Dewell, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

DUNN, Justice.

This is an appeal from a judgment awarding appellee Hills Materials Co., Inc. the sum of $3,691.76, plus interest and costs, for the recovery of a penalty and interest imposed by appellant R. Van Johnson, Secretary of the South Dakota Department of Revenue. The penalty and interest were imposed because of the failure of appellee to timely file a contractor's excise tax return and to pay the tax. We affirm.

Appellee is a retailer subject to South Dakota sales tax and contractor's excise tax. Cliff Nelson, an employee of appellee, testified that he supervised the filing of the quarterly sales tax return and contractor's excise tax return, which were due on October 30, 1980. The returns were enclosed in pre-addressed envelopes provided by the South Dakota Department of Revenue (Department). In the envelope containing the sales tax return was check number 129 for payment of the sales tax. Check number 128 was enclosed with the contractor's excise tax return for payment of that tax. A Pitney-Bowes postage machine was used to affix the proper postage and an October 27, 1980 postmark. Nelson deposited both returns in a United States mailbox in Rapid City, South Dakota on October 27, 1980. The Department received the sales tax return and payment prior to the delinquency date; however, the contractor's excise tax return was not received.

On November 14, 1980, the Department notified appellee of its delinquency and of the imposition of the statutory penalty for late payment. SDCL 10-45-47. Appellee stopped payment on check number 128 and attempted to trace the contractor's excise tax return envelope through the United States Postal Service. The envelope was not located. On November 19, 1980, appellee issued a replacement check for the amount due for the contractor's excise tax and mailed the check together with a photo copy of the contractor's excise tax return to the Department. Subsequently, a check for the penalty and interest was personally delivered under protest to appellant's Rapid City office.

This action was commenced by appellee in Pennington County, South Dakota, praying for judgment against appellant for refund of the penalty and interest paid under protest and for such other and further relief as the trial court deemed just and equitable. Appellant moved for change of venue to Hughes County, South Dakota. The trial court denied this motion and subsequently entered judgment for appellee.

■ Appellant claims that the trial court erred in denying his motion for change of venue. We disagree. In denying the motion, the trial court determined that venue was proper in Pennington County under SDCL 15-5-2(1). Appellant, however, argues that the proper venue statute is SDCL 15-5-2(2). These statutes, in pertinent part, read as follows:

Actions for the following causes, or upon the following instruments, must be tried in the county where the cause, or some part thereof, arose, or the forfeiture was declared, subject to the power of the court to change the place of trial:

(1) For the recovery of a penalty or forfeiture imposed by statute . . . .

(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person, who, by his command or his aid, shall do anything touching the duties of such officer[.]

Regardless of whether SDCL 15-5-2(1) or 15-5-2(2) is applicable, venue must lie in the county where the cause, or some part thereof, arose. Therefore, we need not determine if SDCL 15-5-2(1) or 15-5-2(2) is applicable to the present case.

To determine where the cause of action arose, this court in *McDonald v. State*, 86

S.D. 570, 576, 199 N.W.2d 583, 586 (1972), quoting from *State v. Industrial Commission*, 137 Ohio St. 332, 335, 30 N.E.2d 332, 333 (1940), reviewed the rationale of the Ohio Supreme Court which stated:

'A "cause of action" arises out of the right and the wrong on which the action is based. It is "the fact or combination of facts which gives rise to a grant of action, the existence of which affords a party a right to judicial interference in his behalf." (citations omitted)

'In considering the term "cause of action" in its application to the litigation in hand, a distinction must be made between the claim of the [petitioner] . . . and the facts which give rise to the case at bar. . . .'

The Ohio Court then examined the following four elements to determine where the cause of action arose: the petitioner's claimed right, the wrong he suffered, the relief sought, and the place where the facts creating the necessity for bringing the action occur. *Id. See also Meihak v. Schreckenghaust*, 67 S.D. 603, 297 N.W. 122 (1941), for an examination of the fourth element.

Here, the right which appellee claims is to recover the penalty and interest from appellant. The wrong which it claims to have suffered, according to its complaint, is the wrongful imposition of the penalty and interest by appellant. The relief sought is for judgment to be entered against appellant allowing appellee to be reimbursed. The place where the facts occurred which created the necessity for bringing the action is Pennington County where appellee issued the replacement check and paid the penalty and interest under protest, thus necessitating this suit for recovery of taxes. The first three elements arose in Hughes County and refer to appellant's imposition of a penalty on appellee. The fourth element, however, refers to appellee's actions which arose in Pennington County. Because a part of the cause of action arose in Pennington County, the action was properly brought there under SDCL 15-5-2. The trial court did not err in denying the motion for change of venue.

Appellant also contends that the trial court erred in allowing appellee to recover the penalty and interest imposed for late filing because the contractor's excise tax return and remittance were not received by the Department prior to the statutory delinquency date. We disagree.

A taxpayer subject to the contractor's excise tax is required to make a return and remittance to the Department on or before the 30th day of the month following each quarter of the year. SDCL 10-45-27. A regulation promulgated by the Department, ARSD 64:06:01:39, provides in pertinent part:

All remittances shall be made payable to the state treasurer, and the report and remittance shall be mailed to the department on or before the last day of the month following the end of the quarter in which the tax liability was incurred. The United States postal service postmark date shall be considered as the date of receipt by the department if the return is mailed.

Failure to file a return prior to the statutory delinquency date results in the imposition of a penalty on the taxpayer equal to ten percent of the tax and the imposition of interest at the rate of two percent per month for the first six months. SDCL 10-45-47.

The purposes of the penalty and interest provisions for late payment of taxes are to encourage the timely payment of taxes and to punish those who do not pay on time. The object of the penalty is to secure compliance, not to generate additional revenue for the state. *See North Slope Borough v. Sohio Petroleum Corp.*, 585 P.2d 534 (Alaska 1978); *General Petroleum Corporation v. Smith*, 62 Ariz. 239, 157 P.2d 356 (1945); *Tennessee Products & Chemical Corp. v. Dickinson*, 195 Tenn. 63, 256 S.W.2d 709 (1953). These purposes are not contravened here.

In reviewing this matter, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. The trial court's findings of fact

shall not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). The trial court found that the contractor's excise tax return and payment were deposited by Nelson in a United States mailbox in Rapid City on October 27, 1980. The evidence introduced at trial indicated that the return was mailed three days prior to the time required under the Department's regulation ARSD 64:06:01:39 and within sufficient time to arrive at the Department prior to October 30, 1980 as required by SDCL 10–45–27. ARSD 64:06:01:39 states that the return and payment may be mailed through the United States Postal Service. The evidence also indicates that appellee has always filed a timely return with the Department, and that appellee had sufficient funds in its checking account to pay the contractor's excise tax at the time of filing the initial tax return. The trial court's findings of fact were not clearly erroneous.

Appellant contends that strict compliance is required under the statute, SDCL 10–45–47. Appellant further contends that appellee's compliance with its regulation is not enough to avoid the penalty. However, appellant readily admitted in oral argument that a taxpayer's return with a postmark dated within the time provided in the regulation (ARSD 64:06:01:09) will be accepted without penalty even though it is not received in the Department for a week or a month after the tax payment is due under SDCL 10–45–47.

Thus, appellant does deviate from the strict requirement of SDCL 10–45–47, according to its regulation as to timely placing the tax payment in the United States mail. The only difference in this case is that the timely placing of the tax payment in the United States mails was proven by different evidence than a postmark. There is no question that appellee proved to the trial court that the tax payment had been timely mailed under the regulation. Appellant made no claim that this finding by the trial court was erroneous.

It is one thing for appellant to adhere strictly to the provisions of SDCL 10–45–47 and require every tax payment to be physically present in the tax office on a given day of the month. It is quite another for it to put out a regulation requiring the taxpayer to deposit his tax payment in the United States mails by a certain date of the month, and then pick and choose which evidence it will require to prove that the payment was timely placed in. the United States mails. This opens the door to discrimination as between taxpayers on the assessing of penalties or interest.

The trial court can, in the exercise of its equitable powers, abate tax penalties under meritorious conditions. *General Petroleum Corporation v. Smith, supra; Tennessee Products & Chemical Corp. v. Dickinson, supra.* In *Tennessee Products*, the taxpayer had timely filed its return and paid the sales and use tax, but was back assessed for additional taxes plus interest and penalties. The Supreme Court of Tennessee found that the equities of the case demanded that no penalty be imposed, stating:

> In the present case, we think the penalty imposed by the Legislature by Code sec. 1328.30(c), . . . was to impose a penalty upon an evasive, careless, and recalcitrant taxpayer, and not to penalize a taxpayer who, acting in good faith made monthly returns and payments as and when they fell due, and paid all but 4% of the tax promptly.

195 Tenn. at 67, 256 S.W.2d at 710. We are faced with a similar situation where appellee complied with the Department's regulation and should not be penalized for the failure of the United States Postal Service to deliver or locate the tax return envelope.

We affirm the decision of the trial court.

All the Justices concur.