Burnice W. NELL and Charles W. Cunningham, as Personal Representatives of the Estate of Nellie G. Bloom, Appellants (Plaintiff Below),

v.

William L. TRACY, Administrator, Inheritance Tax Division, Indiana Department of Revenue, Appellee (Defendant Below).

No. 1–783A217.

Court of Appeals of Indiana, First District.

Feb. 13, 1984.

Nathaniel Mark Ewing, Hart, Bell, Deem, Ewing & Stuckey, Curtis V. Kimmell, Kimmell, Funk & Cummings, Vincennes, for appellants.

Joe D. Black, Ramsey & Black, Vincennes, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Burnice W. Nell and Charles W. Cunningham as Personal Representatives of the Estate of Nellie G. Bloom (Estate) appeal the judgment of the Knox Circuit Court denying their action seeking a determination that they had fully paid the inheritance tax due the Indiana Department of Revenue and that no interest was due on said tax. We reverse and remand.

## FACTS

Nellie Bloom, a non-resident of Indiana who owned property subject to Indiana inheritance tax, died on October 30, 1979. A non-resident inheritance tax return was filed with the Indiana Department of Revenue as required by statute.[1] The tax liability of the Estate was determined to be $232,474.38. Payment was due April 30, 1981.[2] Inheritance taxes resulting from a non-resident decedent's death are payable to the Department of State Revenue.[3] On April 28, 1981, the Estate, by its attorney, sent by certified mail, return receipt requested, a check in the amount of $232,474.38, the entire amount of tax due, payable to Indiana Department of State Revenue, to Norbert Engler, Indiana Department of Revenue, State Office Building, Indianapolis, Indiana, 46204. Mailing was at the United States post office in Vincennes, Indiana. According to the testimony of the Vincennes postmaster, Indianapolis is overnight delivery from Vincennes. For some unknown reason, not the fault of the Estate, the check was not received by the Department of State Revenue until May 4, 1981, four days past the due date. The Administrator of the Inheritance Tax Division, Indiana Department of Revenue, has taken the position that payment was not made until received by the department some four days late, thereby incurring interest charges[4] and has refused to issue a receipt for payment of the tax. Estate then sought mandamus to compel the issuance of a receipt and a declaratory judgment that no interest was due and owing. The trial court entered its findings of fact and judgment denying both counts of the Estate's complaint, finding "there is no statute authorizing payment to be effective upon deposit in the U.S. mail in a non-resident estate such as this". Record at 8. The court further determined "that there is interest due upon the sum of $232,474.38, heretofore paid". Record at 9.

## THE ISSUE

The sole issue for our determination in this case is whether or not the taxpayer's (Estate's) mailing of the tax payment by United States certified mail, return receipt requested, on April 28, 1981, was a timely payment of the inheritance tax due on April 30, 1981, where such payment was

1. IND.CODE § 6–4.1–4–7.
2. IND.CODE § 6–4.1–9–1 provides that the inheritance tax is due eighteen (18) months after the date of decedent's death. If not paid by the due date, interest is assessed at the rate of ten percent (10%) per annum from date of death until date of payment.
3. IND.CODE § 6–4.1–9–4.
4. If the Administrator's position is correct, interest at 10% per annum was due from the date of death, October 30, 1979, until May 4, 1981, which amounts to a sum slightly in excess of $35,000. According to our holding in *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Rogers*, 459 N.E.2d 69 (1984) Ind.App., the payment of $232,474.38 would be applied first to interest, then to principal. This application of payment would have left some $35,000 of tax remaining unpaid which would continue to draw interest at the statutory rate. For the reasons stated in our opinion in this case, we do not agree with the position of the Administrator.

not received by the State Department of Revenue until May 4, 1981.

## DISCUSSION AND DECISION

Under the facts of this case, we hold payment of the tax was made timely before the due date.

The Administrator contends payment was not made until received, and that the postal service was the agent of the taxpayer, not of the department, citing *State v. Mutual Life Insurance Company of New York*, (1910) 175 Ind. 59, 93 N.E. 213, and 84 C.J.S. *Taxation* § 616 for the first proposition, and *Guardian National Bank v. Huntington County State Bank*, (1933) 206 Ind. 185, 187 N.E. 388, for the second.

In *Mutual Life Insurance Company of New York*, payment of the tax was made to the State Auditor rather than to the Treasurer. Our supreme court held payment to the wrong official did not constitute payment to the state, and that the Auditor received the fees as the agent of the payor. From this, the Administrator reasons that depositing the payment in the post office constitutes the postal department as agent of the payor, and, therefore, payment was not made until received. The *Guardian National Bank* case does hold "that the post office is the agent of the sender so long as the communication may be withdrawn by him ...." 206 Ind. at 196, 187 N.E. 388. Here, the evidence was that the Estate could have withdrawn the payment from the mails, but that it did not do so. Record at 23, 25.

We believe the position asserted by the Administrator in this case is untenable in view of the purposes of penalty and interest provisions in tax laws and in view of commonly accepted business practices and customs.

■ The purpose of penalty and interest provisions for late payment of taxes is to insure compliance with the tax laws, prompt payment of taxes, and to penalize non-compliance, not to generate additional revenue for the state. *Hills Materials Co., Inc. v. Van Johnson*, (1982) S.D., 316 N.W.2d 646; *General Petroleum Corporation v. Smith*, (1945) 62 Ariz. 239, 157 P.2d 356. It has been said that the intent of a penalty provision in a taxing statute was "to impose a penalty upon an evasive, careless, and recalcitrant taxpayer, and not to penalize a taxpayer who, acting in good faith" paid taxes when due. *Tennessee Products and Chemical Corp. v. Dickinson*, (1953) 195 Tenn. 63, 256 S.W.2d 709, 710.

In *Hills Materials Co.*, the taxpayer mailed the remittance three days before the due date. For some unknown reason, the mailing was not postmarked until after the due date. The state regulation provided for payment by mail and the state admitted that a return bearing a timely postmark was considered as compliance. The Supreme Court of South Dakota observed the taxpayer had mailed the return in ample time for it to have been received within the time deadline and stated that the taxpayer "should not be penalized for the failure of the United States postal service to deliver or locate the tax return envelope." 316 N.W.2d at 649.

In *General Petroleum Corporation*, the gasoline tax payment in question was due on December 15. The taxpayer mailed it on December 14, but because of mail congestion in the post office, it was not received until December 16. Penalty and interest for late payment were sought and recovered below. The Arizona Supreme Court reversed, disallowing the penalty where the remittance was actually placed in the mail at a time and under conditions where in ordinary course it should have been received by the due date.

■ Although there are some factual differences from the instant case in both of the preceding cases, we deem the holdings in those cases sound and applicable here. The Estate did what any reasonable person versed in normal business practices would have done to make timely payment of the inheritance tax on or before the due date. The check was mailed, certified mail with return receipt requested, two days prior to the due date. In the ordinary course of the

435

mails, it should have been received the next day—one day before the due date. The late delivery was not occasioned by any act or fault of the Estate, the taxpayer. The purpose of the penalty and interest provisions—compliance with the tax laws and prompt payment of taxes—would not be enhanced by adherence to the Administrator's position. The only result which would be achieved by upholding the judgment would be the generating of additional revenue for the state which clearly is not the purpose of the interest provision, *General Petroleum Corporation; Hills Materials Co., Inc.*, and would penalize a taxpayer (Estate) which made a good faith effort to pay the tax due on time. *Tennessee Products.*

Other than hand-carrying the remittance to the State Department of Revenue, we do not see what more could have been expected of the Estate. Tax laws are to be fairly administered. Under the particular facts and circumstances of this case, the Administrator's position is grossly unfair and, in our opinion, wrong.

Judgment reversed and cause remanded to the trial court with instructions to grant the prayer of both counts of the complaint.

Reversed and remanded.

NEAL, P.J., and ROBERTSON, J., concur.