#25768-a-JKM

**2011 S.D. 52**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DENISE E. ESTES and
PERCY J. ESTES,                                        Plaintiffs and Appellants,

       v.

DAVID R. LONBAKEN, DPM,                    Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN L. BROWN
Judge

* * * *

CARLETON R. HOY
SCOTT G. HOY of
Hoy Trial Lawyers, Prof. L.L.C.
Sioux Falls, South Dakota

and

MICHAEL W. STRAIN
Sturgis, South Dakota                              Attorneys for plaintiffs
                                                              and appellants.

GREGORY J. BERNARD of
Thomas Braun Bernard & Burke, LLP
Rapid City, South Dakota                         Attorneys for defendant
                                                              and appellee.

* * * *

CONSIDERED ON BRIEFS
ON MAY 23, 2011

OPINION FILED **08/31/11**

MEIERHENRY, Retired Justice

[¶1.]    Denise Estes filed suit against Dr. David Lonbaken, a podiatrist, for medical malpractice.  Estes' complaint alleged that Dr. Lonbaken negligently treated a large neuroma on her foot.[1]  Estes filed the complaint in Buffalo County, South Dakota.  Dr. Lonbaken moved to change venue to Hughes County, South Dakota.  Dr. Lonbaken claimed that Hughes County was the proper venue because Estes' surgery and follow-up treatment took place in Hughes County, not Buffalo County.  The trial court granted Dr. Lonbaken's motion to change venue to Hughes County.  The issue is whether Buffalo County was a proper venue for this medical malpractice action.  We affirm because Buffalo County was not a proper venue.

## Analysis

[¶2.]    Proper venue is established by statute.  *See* SDCL ch. 15-5.  Because this case is an action "for the recovery of damages to persons[,]" it "may at the option of the plaintiff be brought and tried in the county where the damages were inflicted or the cause of action arose."  SDCL 15-5-8.  Proper venue is reviewed de novo.  *See State v. Newell*, 710 N.W.2d 6, 33 (Iowa 2006) (reviewing a ruling on a motion for a change of venue de novo); *Olson v. N.D. Dist. Court, Richland Cnty., Third Judicial Dist.*, 271 N.W.2d 574, 579 (N.D. 1978) (stating that "where the trial court's [venue] determination was not based upon the testimony of live witnesses, but rather upon the same affidavits and exhibits before [the appellate court] . . . ,

---

1.    The Mayo Clinic's website describes a neuroma as "a painful condition that affects the ball of your foot, most commonly the area between your third and fourth toes." *Definition of Neuroma*, Mayo Clinic, http://www.mayoclinic.com/health/mortons-neuroma/DS00468 (last visited June 9, 2011).

[the] review, therefore, is in effect de novo."). Some of our prior cases have stated that the complaint is the only relevant pleading in determining proper venue. *See SDDS, Inc. v. State*, 502 N.W.2d 852, 858 (S.D. 1993) (Henderson, J., dissenting); *Kreager v. Blomstrom Oil Co.*, 298 N.W.2d 519, 520 (S.D. 1980) (citing *Meihak v. Schreckenghaust*, 67 S.D. 603, 297 N.W. 122 (1941)). This view, however, is too restrictive and does not reflect our general practice in venue cases. Therefore we now hold that courts making proper venue determinations are not limited to only examining the complaint.

[¶3.] We reach this conclusion because an artfully drafted complaint could obfuscate where the action arose. To avoid this, a court may consider other pleadings and evidence, such as the parties' motions, affidavits, and other relevant matters. While there may be cases where proper venue can be determined from the complaint, in this case the complaint alone does not tell the whole story. As a result, additional information is relevant and required because proper venue depends on where the "the damages were inflicted or the cause of action arose."

[¶4.] Estes alleges in her complaint that Dr. Lonbaken's negligence consisted of substandard surgical procedure and follow-up care. Dr. Lonbaken treated Estes for a large neuroma on her foot. Estes opted to have Dr. Lonbaken surgically remove the neuroma. The surgery took place in Hughes County. During the surgery, Dr. Lonbaken attempted to excise the neuroma by accessing it from the top of her foot. But his attempt was unsuccessful. He then attempted to access the neuroma from the bottom of her foot. He did this by making an incision in the

shape of a "seven" or "hockey stick." He then removed the neuroma and closed the flap. Dr. Lonbaken reported after the surgery that everything went well.

[¶5.] During Estes' recovery period, her foot developed an infection. This led to some drainage from the surgical site, redness, pain, and an odor. It was later determined that Estes had developed Methicillin-Resistant Staphylococcus Aureus.[2] This condition was treated through hospitalization and intra-venous antibiotics. Slowly, Estes' condition improved, and she was discharged. All of her follow-up care took place in Hughes County, except for one office visit in a clinic in Fort Thompson, South Dakota, which is in Buffalo County. Dr. Lonbaken indicated that he removed the sutures at that visit.

[¶6.] For assessing proper venue, we look at the following considerations to determine where a cause of action arose: (1) the right claimed; (2) the wrong claimed to have been suffered; (3) "[t]he relief sought"; and, (4) "the place where the facts creating the necessity for bringing the action occur[red]." *McDonald v. State*, 86 S.D. 570, 199 N.W.2d 583, 586 (S.D. 1972). Here, Estes sought money damages for Dr. Lonbaken's negligent surgical procedure and follow-up care. All of this occurred in Hughes County except for one office visit. And it does not appear that Estes claimed Dr. Lonbaken was negligent at that one visit when he removed the

---

2. The Mayo Clinic's website describes Methicillin-Resistant Staphylococcus Aureus as an "infection . . . caused by a strain of staph bacteria that's become resistant to the antibiotics commonly used to treat ordinary staph infections. Most MRSA infections occur in people who have been in hospitals or other health care settings, such as nursing homes and dialysis centers." *Definition of Methicillin-Resistant Staphylococcus Aureus*, Mayo Clinic, http://www.mayoclinic.com/health/mrsa/DS00735 (last visited June 9, 2011).

sutures. Thus, the facts creating the necessity for bringing the action took place exclusively in Hughes County. Consequently, all four considerations center around acts alleged to have taken place in Hughes County. As such, the proper venue was Hughes County, not Buffalo County. We conclude that the trial court did not err in granting Dr. Lonbaken's motion to change venue to Hughes County.[3]

[¶7.] We affirm.

[¶8.] GILBERTSON, Chief Justice, and SEVERSON, Justice, and SABERS, Retired Justice, concur.

[¶9.] KONENKAMP, Justice, concurs in result.

[¶10.] SABERS, Retired Justice, sitting for ZINTER, Justice, disqualified.

[¶11.] WILBUR, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.


KONENKAMP, Justice (concurring in result).

[¶12.] If we are going to overrule our precedent, we ought to say so explicitly. In a case plaintiff relies on, *Kreager v. Blomstrom Oil Co.*, this Court held that "the determination of a venue motion must be made from the allegations of plaintiff's complaint; no other pleading is relevant to the issue." 298 N.W.2d 519, 520 (S.D. 1980) (citation omitted). Today, to thwart artfully drafted complaints, the Court rules: "we now hold that courts making proper venue determinations are not limited to only examining the complaint." I agree.

---

3. The resolution of this issue is dispositive of the remaining issue of Estes' appeal.

[¶13.]     This common sense holding comports with rulings in other jurisdictions.  Along with this rule change, though, we should provide restrictions on what will suffice for proper consideration in venue hearings.  The Court includes "pleadings and evidence, such as the parties' motions, affidavits, and other relevant matters." *See* majority opinion ¶ 3.  But concern with artfully drafted complaints might well extend to similarly drafted "motions" and "pleadings," not to mention "other relevant matters."  For good reason, other states limit ultimate consideration to competent evidence, such as offered in verified pleadings, sworn testimony, and affidavits.  *See, e.g.*, *Mosby v. Superior Court*, 117 Cal. Rptr. 588, 593 (Cal. Ct. App. 1974).  We should do likewise.

[¶14.]     Under SDCL 15-5-10, when a party timely "demands in writing that the trial be had in the proper county," the court may change the place of trial where the county designated in the complaint is not the proper county.  SDCL 15-5-11; *Kolb v. Monroe*, 1998 S.D. 64, ¶ 11, 581 N.W.2d 149, 151 (untimely demand).  Although we have not established a procedure for how these matters should be handled, we would do well to borrow the process used in other state courts.  *See generally* 77 Am. Jur. 2d *Venue* § 44; 92A C.J.S. *Venue* § 71.  Accordingly, the party raising the issue has the burden of proving improper venue.  For the purposes of evaluating a claim of improper venue, the allegations in the complaint are taken as true, at least initially.  An objecting party bears the burden of proving by competent evidence that suit has been brought in the wrong county.  Thereafter, the other party may respond with evidence to counter the objecting party's offering.  In ruling

on the question of proper venue, the trial court should enter findings of fact and conclusions of law.

[¶15.]     Here, in support of his demand to change venue, defendant submitted an affidavit with numerous attachments showing the treatment plaintiff received and where it was administered. Venue was changed to Hughes County. In later denying plaintiff's motion for reconsideration, the trial court found that there was no testimony from plaintiff's expert to support that negligence occurred or injury was inflicted at the times plaintiff was treated in Buffalo County. These findings have not been shown to be erroneous. Thus, the change of venue should be affirmed.