Lawrence T. DANIEL, Plaintiff-Appellant,

v.

The METROPOLITAN GOVERNMENT OF NASHVILLE and DAVIDSON COUNTY, Tennessee, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 23, 1985.

Application for Permission to Appeal to the Supreme Court Denied by Supreme Court Aug. 12, 1985.

Jordan Stokes, III, Nashville, for plaintiff-appellant.

Kevin S. Key, James L. Murphy, III, Dept. of Law of Metropolitan Government of Nashville and Davidson County, Tenn., Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiff, Lawrence T. Daniel, has appealed from the dismissal of his suit to recover penalty, interest and attorney fees paid on delinquent real estate taxes. The dismissal was in response to a motion for summary judgment. No evidence was offered in support or opposition to the motion. The judgment recites that "admis-

sions" were heard, but none are preserved in the record.

The complaint contains the following pertinent allegations:

1. Plaintiff owned three parcels of land on Boscobel Street in Nashville, Tennessee, on which taxes for the years 1980, 1981, and 1982 were levied.

2. Plaintiff was unable to pay said taxes because, on March 15, 1980, plaintiff's business establishment at another address was destroyed by fire, and he was unable to obtain a settlement from the insurer until December 1981, at which time he received $220,000.00 which was "mostly consumed" in payment of business debts.

3. In June 1981, the tenants vacated the Boscobel Street property which was thereafter vandalized and rendered untenantable despite arrests by the Police of trespassers. A building on said property was totally destroyed by fire without insurance coverage. The remaining building on the Boscobel Street property was sold for $220,-000.00, much less than its value.

4. On August 16, 1983, the said 1980, 1981 and 1982 taxes were satisfied when the escrow agent paid out of the proceeds of the sale the sum of $39,234.77. Said payment was made under protest and included $4,956.58 penalty, $2,017.80 interest and $2,017.80 attorney's fees.

5. Plaintiff was unable to pay said taxes when due through no fault of his own, and "at no time did he have cash assets to make payment of the taxes".

The final paragraph of the complaint states:

6. Plaintiff respectfully urges the Court to abate the interest, penalties and attorney's fees under its broad equity powers to grant relief under the circumstances.

The first paragraph of defendant's answer states:

The complaint fails to state a cause of action upon which relief can be granted.

Defendant's motion for summary judgment states:

Comes the defendant, The Metropolitan Government of Nashville and Davidson County, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, and moves this Honorable Court for a summary judgment in its favor on all issues in this cause; and for grounds would show that plaintiff cannot establish a good and reasonable basis for relief from penalty, interest and attorney's fees, which would fall within the four (4) guidelines for such relief set out in *Benson v. United States Steel Corp.*, 225 Tenn. 164, 465 S.W.2d 124 (1971), and that there is no genuine issue as to any material fact and that defendant, The Metropolitan Government of Nashville and Davidson County is entitled to a judgment as a matter of law.

Defendant, The Metropolitan Government of Nashville and Davidson County relies upon the pleadings and the attached memorandum of law.

Plaintiff's reply to the motion for summary judgment states:

All of the cases cited by defendant are not authority for the denial of relief herein to plaintiff for in none of these cases was the taxpayer unable to pay the tax through no fault of his own. In the instant case, Mr. Daniel the plaintiff herein, was rendered unable to pay the tax partly because his property had been vandalized and rendered untenantable without any fault on his part. If there was any fault it was the failure of the Metro Police to protect the property from vandalism. Plaintiff submits that in equity and good conscience the court in the exercise of its plenary powers should grant to him the relief sought.

The judgment of the Chancellor reads as follows:

The Motion for Summary Judgment filed by defendant, The Metropolitan Government of Nashville and Davidson County, came to be heard on August 10, 1984, and after considering the pleadings, the admissions, the memoranda of counsel, and the arguments of counsel, this Honorable Court is of the opinion that plaintiff can only obtain equitable relief from the penalty, interest and attorney's fees which he has previously paid to defendant, under four (4) circumstances, those being as follows:

(1) The taxpayer incurred the deficiency as a result of having been misled by erroneous advice upon the part of officials charged with the enforcement of the statute.

(2) The taxpayer incurred the deficiency as a result of legal misadvice from an ostensibly competent independent source (lawyer, accountant, etc.).

(3) The provisions of the pertinent law of regulation were at the time the deficiency was incurred unsettled, unclear or misleading to a reasonable person and the taxpayer acted in good faith upon a reasonable though mistaken application of such law or regulations, with the result that the tax deficiency in question was incurred.

(4) The deficiency resulted from reliance by the taxpayer upon factual misrepresentations made by persons with whom he dealt in the course of his business, the taxpayer having no reason to doubt or question such misrepresentations.

It further appearing to this Honorable Court that a taxpayer's financial inability to timely pay his taxes, which was the only ground for relief from penalty, interest and attorney's fees alleged by plaintiff, is not one of the four (4) circumstances in which a court of equity is authorized to grant the relief plaintiff seeks in this case.

It is therefore ORDERED, ADJUDGED and DECREED that summary judgment is granted in favor of defendants and this case is dismissed, with costs taxed to plaintiff.

■ It is seen that the judgment recites that "admissions" were heard by the Court. There is no transcript or statement of the evidence whereby this Court might know what admissions were heard. Where evidence was heard by the Trial Court but not preserved on appeal, it must be presumed

that the judgment of the Trial Court is supported by sufficient evidence. *Cooper v. Rosson*, Tenn.1974, 509 S.W.2d 836.

The only issue stated by appellant is: Does a Court of Equity have the power to relieve a taxpayer of penalties, interest and attorney's fees incurred by him through no fault of his own.

Appellant cites two authorities, Article I, Section 17 of *The Constitution of Tennessee*, and *Benson v. Commissioner v. United States Steel Corporation*, 465 S.W.2d at 130.

The constitutional provision is in pertinent part as follows:

... [E]very man, for an injury done him in his lands, goods, or reputation, shall have remedy by due course of law.

Appellant argues:

A court of equity should certainly relieve appellant from the penalties, interest and attorneys fees which the Metro Government exacted from him.

In *Tidwell, Commissioner v. Goodyear Tire & Rubber Company*, Tenn.1975, 520 S.W.2d 721, Goodyear sued the Revenue Commissioner pursuant to TCA § 67–2303 to recover a statutory penalty on use taxes paid under protest after payment was delayed based upon representations and agreements of an agent of the commissioner.

The Supreme Court ordered refund of the penalty, but reviewed other authorities in which relief had been denied. The Court concluded as follows:

We would caution the profession, however, that this case is limited to its own factual situation and is not to be construed as liberalizing the predicates for penalty relief.

In *Benson, Commissioner v. United States Steel Corporation*, 225 Tenn. 164, 465 S.W.2d 124 (1970), the Supreme Court affirmed a trial court judgment ordering a refund of sales tax collected by the Commissioner of Revenue on the ground that the Sales Tax Law was ambiguous and the taxpayer had made a good faith effort to pay the correct amount of tax when due.

In *East Tennessee Brewing Company v. John M. Currier, Clerk*, 126 Tenn. 535, 150 S.W. 541 (1912), the Supreme Court relieved a brewer of penalty upon a privilege tax on the ground that the same tax had not been previously demanded and that there was some doubt as to the liability for tax even in the minds of the revenue officers of the State. Quoting *Cooly on Taxation*, the Court said:

[T]he penalty should not be exacted if the delay came from serious doubt of the validity of the tax.

 It appears from the foregoing authorities, and others cited therein, that the courts do have authority to relieve taxpayers of penalties imposed or demanded by taxing authorities. However, no authority has been found which recognizes shortage or absence of funds as sufficient reason for delinquency to justify relief from statutory penalty.

Moreover, the authorities examined relate to taxes which are administratively collected by distress warrants and not to property taxes which are collected by suit in accordance with TCA § 67–5–2405, et seq. This record does not disclose whether suits were filed to collect the taxes in question; but, if such should be the case, it would appear that the proper forum for relief would have been the Court in which enforcement of the tax lien was sought.

In *Cities Service Company v. Tidwell, Commissioner*, Tenn.1976, 534 S.W.2d 298, a sales tax case, it was held that equitable remission of use taxes can be granted only upon a showing of good and reasonable cause, citing TCA § 67–3002(c) par. 4(6), and that failure to timely report and pay use taxes was not excused by a change in law of which the taxpayer had no notice.

In *Swartz v. Atkins, Commissioner*, 204 Tenn. 23, 315 S.W.2d 393 (1958), the Supreme Court affirmed a Trial Court judgment sustaining a demurrer to a bill to recover penalty on use tax and said:

... [T]he statute ... clearly implies ... that it was the intention of the legislature to apply a 5% penalty on anyone

who failed to make a return and pay his tax as required by other sections of the act. 204 Tenn. at 27.

With equal reason it may be said that TCA § 67–5–2410 clearly implies a legislative intent that a 10% penalty upon all delinquent land taxes upon which suit is filed. (The imposition and collection of the penalty raises a strong inference that suits had been filed in the present case, thereby rendering the above jurisdictional comment applicable.)

Appellant has presented no authority requiring, or even authorizing remission of penalty, interest or attorneys fees on taxes due from one who was financially unable to pay because of blameless misfortune. The misfortunes of plaintiff evoke the natural sympathies of this Court, but do not invoke any rule of law or equity to support relief.

Even though the complaint demonstrates a situation of financial reverses, it does not adequately explain failure to pay the tax. Apparently, plaintiff chose to delay payment of taxes with available funds in order to pay certain business debts. There is no explanation why plaintiff did not borrow funds on the security of his property to pay the taxes or sell the property earlier than he did.

Although there is some suggestion of reliance upon laxity in the vigilance of law enforcement officers, it does not appear that appellant regards this as a serious issue on appeal. Even if laxity in law enforcement should be a valid excuse for delay in paying taxes (and this Court does not so hold), the facts alleged in the complaint do not support any relief on this ground.

In summary, there is a presumption that evidence was heard which justified the judgment because it recites that admissions were heard which are not preserved in this record. No authority is cited or found for remission of penalty, interest or attorneys fees on property taxes, or for granting remission on the grounds stated in the complaint.

Accordingly, the judgment of the Chancellor is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded to the Chancery Court for enforcement of its judgment.

Affirmed and remanded.

CANTRELL and KOCH, JJ., concur.