Michael E. HAILEY, Plaintiff–Appellant,

v.

Joe C. FOWLER, Individually and as Sheriff of Knox County; William C. Fox, Individually and as Chief Deputy Sheriff of Knox County; and Joseph L. Swift, Sylvia B. Clark, and H. Douglas Nichol as members of the Knox County Sheriff's Department Merit System Council, Defendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 8, 1992.

Permission to Appeal Denied by Supreme Court Oct. 19, 1992.

James M. Crain, Knoxville, for plaintiff-appellant.

Richard Beeler, Knox County Law Director, and Catherine F. Quist, Deputy Law Director, Knoxville, for defendants-appellees.

OPINION

SANDERS, Presiding Judge (Eastern Section).

The Plaintiff appeals from a judgment denying his application for a writ of certiorari and granting Defendants' motion for summary judgment.

In 1988 the Plaintiff–Appellant, Michael Hailey, was employed by the Knox County Sheriff's Department as a patrolman.

Sometime in December, 1988, he experienced a blurring of his vision and went to see Dr. David Gerkin, an ophthalmologist. Dr. Gerkin determined Mr. Hailey had an irreparable vision impairment in his left eye as a result of scarring of the retina. Dr. Gerkin referred him to Dr. John Hoskins, a retinal specialist, for confirmation of his diagnosis, which Dr. Hoskins did.

On January 5, 1989, Dr. Gerkin released Mr. Hailey to go back to work. Mr. Hailey took to Defendant–Appellee Chief Deputy Fox the letter from Dr. Gerkin releasing him to go back to work. Officer Fox informed Mr. Hailey the Sheriff's Department might require further examination and for him to go home and he would be contacted. On January 11, Sheriff Fowler wrote Mr. Hailey a letter telling him he had communications from Dr. Gerkin and Dr. Sowell that Mr. Hailey had irreparable damage to his left eye due to a macular scar and Dr. Gerkin had advised that Mr. Hailey should not be operating a police cruiser or using a firearm. He also told Mr. Hailey that, under the circumstances, he was transferring him immediately from the patrol division to the jail division and requested him to report to the chief jailer for orientation and shift assignment.

On January 27 Mr. Hailey wrote Sheriff Fowler the following letter of resignation: "I hereby submit my resignation from the Knox County Sheriff's Department effective February 1, 1989." On the same date, Sheriff Fowler wrote Mr. Hailey that he had accepted his resignation as requested. On April 7 Mr. Hailey wrote Sheriff Fowler a letter saying he had submitted his resignation through mistake and misunderstanding of the factual background regarding his medical condition. His letter stated: "In short, it appears that the letter of January 6 stating that I should not be driving a high speed automobile or carrying a firearm is in error. Since I mistakenly based my decision to resign upon these erroneous facts, I hereby request that I be immediately reinstated to the Knox County Sheriff's Department forthwith as a patrolman with full duties as previously had in my patrolman's rank. Please call me at your earliest convenience as to my reinstatement to the force, and I will be anxiously awaiting your reply as soon as possible."

Sheriff Fowler wrote him a letter on April 10 informing him that if he desired to be re-employed by the department he should submit his application to the Sheriff's Department Merit Council. On April 27 Mr. Hailey wrote a letter to the Sheriff's Department Merit Council in which he enclosed all of the correspondence mentioned above and, as pertinent here, he stated: "Since the January 6, 1989 letter presented by Dr. Sowell was obviously in error, and was likewise the basis of Sheriff Fowler's subsequent decisions as well as mine to present my resignation, I was obviously a [sic] mistaken as to the underlying facts. As the resignation was based upon erroneous facts, I hereby request a review of Sheriff Fowler's denial of my reinstatement to the Knox County Sheriff's Department forthwith as a Patrolman with full duties as previously had...."

In response to Mr. Hailey's letter, Mr. Swift, Chairman of the Knox County Sheriff's Department Merit System Council, as pertinent here, wrote Mr. Hailey: "Section 1404 of the Policies and Procedures Manual of the Merit Council states as follows, 'A request for a hearing shall be made in writing within ten (10) days of the Sheriff's notification of final decision'. Your resignation was effective on January 11, 1989. Your letter for request was received on April 27, 1989, after the required ten (10) days. Therefore, your request for a hearing on this matter cannot be granted."

Mr. Hailey then filed suit in the circuit court against the Defendants. In count one of his complaint he asked for a writ of certiorari pursuant to T.C.A. § 27–8–102(3). He alleged he had been wrongfully and fraudulently deprived of his right to appeal this adverse personnel action to Defendant Council and that he is "entitled to a writ of certiorari and a trial of the issues de novo before the court." In count two of his complaint he said that if it is determined he is not entitled to a writ of certiorari, then he is entitled to a declaratory judgment pursuant to T.C.A. § 29–14–101, et seq., and a mandatory injunction requiring the Merit Council to hear his complaint. In count three of his complaint Plaintiff al-

leged that since his resignation from the Sheriff's Department he has made numerous applications for employment. He alleged on information and belief that some of the prospective employers contacted Sheriff Fowler or his employees and they gave false information concerning his employment record. Without alleging any specifics, he alleged the statements constituted libel of the Plaintiff. In count four he alleged the actions of Sheriff Fowler constituted outrageous conduct. In count five of the complaint he alleged Sheriff Fowler conspired with employees in his department to deprive Plaintiff and other employees of the Sheriff's Department of the right of "Freedom of Association" in violation of 42 U.S.C. § 1983. The trial court declined to issue a writ of certiorari.

The Defendants filed a motion for summary judgment, saying there was no genuine issue of any material fact and the Defendants were entitled to judgment as a matter of law. Affidavits of Sheriff Fowler, Officer Fox, Corky Truan, Dr. Sowell and Plaintiff's medical records were filed in support of the motion for summary judgment. Upon the hearing, the court sustained the motion for summary judgment and the Plaintiff has appealed, saying the court was in error. We cannot agree, and affirm.

■ The Plaintiff's first issue is that the court erred in denying Plaintiff's application for a writ of certiorari. In his brief, Appellant does not contend that Section 1404 of the policies and procedures manual of the Merit Council does not provide: "A request for a hearing shall be made in writing within ten (10) days of the sheriff's notification of final decision," nor does he contend that he made a request for a hearing within the ten-day period. Appellant fails to show wherein the Merit System Council was in error in denying his request for a hearing or where the court was in error in denying his request for a writ of certiorari. He insists, however, that he is entitled to it. We find no merit in this insistence.

■ Appellant's other insistence is that the court erred in sustaining the motion for summary judgment. As stated before, the motion for summary judgment was supported by four affidavits and the Plaintiff's medical record. None of these documents is in the record before us. In this jurisdiction, where the trial court has heard evidence which is not included in the record, this court presumes that sufficient evidence existed to support the trial court's judgment. *Daniel v. Metropolitan Government*, 696 S.W.2d 8, 10–11 (Tenn.App. 1985); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn.App.1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. App.1988). *See also Cothron v. Scott*, 60 Tenn.App. 298, 446 S.W.2d 533, 534 (1969) (appellate court cannot sustain assignments of error without the appropriate documents in the record). This is so even when the case involves a summary judgment, *Daniel*, 696 S.W.2d at 10–11. In *Daniel*, the trial court granted the appellee's motion for summary judgment based upon "the pleadings, the admissions, the memoranda of counsel, and the arguments of counsel." *Id.* at 10. On appeal, the appellant did not include the admissions in the record. Without the basis for the decision, the appellate court presumed the evidence would support the summary judgment. *Id.* at 10–11.

As in the *Daniel* case, the Appellant here seeks to overturn a summary judgment. The trial court stated: "[A]fter review of the file and review of the Defendants' Motion and Affidavits attached to the Motion and Plaintiff's response, it is the opinion of the Court that the Motion for Summary Judgment as to all issues has merit and should be granted." In the absence of the affidavits which the court considered in granting the motion, it is presumed they were sufficient to support the judgment of the court.

The issues are found in favor of the Appellees. The judgment of the trial court is affirmed. The cost of this appeal is taxed to the Appellant and the case is remanded to the trial court for any further necessary proceedings.

GODDARD and FRANKS, JJ., concur.