IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

October 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BONNIE SUE LESCARBEAU | ) | GREENE COUNTY |
| | ) | 03A01-9706-CV-00215 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. BEN K. WEXLER, |
| | ) | JUDGE |
| | ) | |
| LAWRENCE ALFRED LESCARBEAU, JR. | ) | |
| | ) | |
| Defendant-Appellant | ) | AFFIRMED AND REMANDED |


LAWRENCE A. LESCARBEAU, JR., Appellant, Pro Se

LINDA THOMAS WOOLSEY OF GREENEVILLE FOR APPELLEE


O P I N I O N


Goddard, P.J.


Lawrence Alfred Lescarbeau, Jr., appeals a judgment of the Greene County Circuit Court which granted his wife, Bonnie Sue Lescarbeau, a divorce and custody of their minor son with the provision that "all visitation exercised by the Defendant shall be supervised by the Plaintiff until further hearings of this Court."

Mr. Lescarbeau insists on appeal that he was denied due process because he did not receive notices of the various hearings.

One preliminary matter needs to be addressed. Counsel for Ms. Lescarbeau moves that we accept her late-filed brief, even though the brief was not filed within an extension of time granted by this Court. We do not consider the reason counsel advances for not timely filing her brief sufficient to warrant a suspension of the Rules and counsel's motion to accept Ms. Lescarbeau's brief is accordingly denied.

Our review of the record discloses that numerous orders were entered in connection with this case, beginning on February 10, 1995, and ending with the last order on August 7, 1997. We also note that several judges were involved in signing the various orders-- Judge Wilson, Judge Wexler, Judge Jenkins, and retired Judge Mahood.

Unfortunately, we cannot reach the merits of this appeal because the evidence adduced below was not preserved by a transcript or statement of the evidence. Under these circumstances an appellate court must conclusively presume the evidence was sufficient to justify the judgment. Trane Co. v. Morrison, 566 S.W.2d 849 (Tenn.1978); Daniel v. Metropolitan Government, 696 S.W.2d 8 (Tenn.App.1985).

We do deem it appropriate to suggest that in the event the parties cannot agree, the Trial Court entertain a motion by Mr. Lescarbeau to have specific supervised visitation periods set.

In conclusion, we point out that awards of custody are never final, and are always subject to be changed as warranted by changing circumstances.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded fur such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Lescarbeau.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.