IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 12, 2004

## JOHN W. JOHNSON v. BERNICE WADE

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7930    Clayburn Peeples, Judge**

-------

**No. W2003-02020-COA-R3-CV - Filed April 26, 2004**

-------

This case involves a dispute over the ownership of certain real property abutting the parcels of two neighboring landowners in Gibson County, Tennessee. The trial court rendered a judgment for Appellee finding that Appellee owned the disputed property. Additionally, the trial court awarded Appellee her attorney's fees incurred in defending against and counter-suing the Appellant. We affirm the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John W. Johnson, Trenton, TN, *pro se*

John C. Nowell, Jr., Trenton, TN, for Appellee

**OPINION**

**Facts and Procedural History**

The record before this Court is very scant. It contains neither a transcript of any proceedings, nor a statement of evidence. John W. Johnson ("Appellant") and Bernice Wade ("Appellee") are neighboring landowners in Gibson County, Tennessee. Appellant claims that, through the last will and testament of Avery Johnson, he is the lawful owner of a cemetery, which is located on the border dividing Appellant's and Appellee's parcels. On this basis, Appellant filed a complaint in the Gibson County Circuit Court, requesting compensatory and punitive damages, as well as ejectment of Appellee from the land over which Appellant claims ownership. Appellee filed an answer and counter-complaint, denying Appellant's claim of ownership and suing for unlawful trespass, damages, and attorney's fees. After a hearing on July 16, 2003, the trial court, sitting without a jury,

rendered a judgment in favor of Appellee, finding that Appellee and her deceased parents have been in possession of and paid taxes on the disputed property for more than fifty years. The trial court also awarded Appellee $3,000 for her attorney's fees.[1] Appellant challenges this decision, presenting one issue for our review: "whether the trial court erred in its review of the records of the case." For the following reasons, we affirm the decision of the trial court and remand this case for further proceedings consistent with this opinion.

## Analysis

We begin by addressing Appellant's position as a *pro se* litigant. Appellant represented himself in the trial court below and does so here on appeal. We note that "[p]arties who choose to represent themselves are entitled to fair and equitable treatment" but "they must follow the same procedural and substantive law as the represented party." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (citing *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983); *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987); *Heinsch v. Lot 27*, 399 N.W.2d 107, 109 (Minn. Ct. App. 1987)). "On one hand, a trial judge must accommodate the *pro se* litigant's legal naivete, and, on the other hand, he must not allow the *pro se* litigant an unfair advantage because the litigant represents himself." *Id*. at 651-52. After our review of the record in this case, we cannot say that the trial court did not make every available concession required to accommodate Appellant's *pro se* status. *See Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 Tenn. App. LEXIS 609, at *5 (Tenn. Ct. App. Sept. 6, 2000). We may now address Appellant's issue on appeal.

We are mindful that, in general, a trial court's findings of fact, when it sits without a jury, are reviewed *de novo* and are afforded a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). No presumption of correctness attaches to the conclusions of law of the trial court. *Butler v. Butler*, No. 02A01-9807-CH-00184, 1999 Tenn. App. LEXIS 392, at *7 (Tenn. Ct. App. June 22, 1999) (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)).

Appellant argues that the trial court erred in its decision based upon the facts of this case. However, he has not produced for this Court a transcript of the proceedings or a statement of the evidence. Instead, we have only Appellant's complaint, Appellee's answer and counter-complaint, a motion by the Appellant entitled "Easement By Way Of Necessity," Appellee's Motion to Dismiss, and the trial court's Final Decree. In addition, we have seven exhibits, including tax maps of the disputed land, various deeds, and an Order Granting a Motion to Dismiss a case Appellant previously brought against different parties in the United States District Court for the Western District of Tennessee. We are unable to review the facts *de novo* without an appellate record containing the facts. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (citing *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987)). "In the absence of

---

[1] Appellant does not raise the propriety of this award as an issue on appeal.

a transcript, this Court presumes that sufficient evidence existed to support the trial court's decision." *Irvin*, 767 S.W.2d at 653 (citing *Daniel v. Metro. Gov't of Nashville*, 696 S.W.2d 8, 10-11 (Tenn. Ct. App. 1985); *Lallemand v. Smith*, 667 S.W.2d 85, 88 (Tenn. Ct. App. 1983)). Therefore, given the state of the record before us, we cannot say that the trial court erred in its decision.

### Attorney's Fees on Appeal

As an ancillary matter, Appellee raises the issue of an award of attorney's fees incurred on this appeal. Under Tenn. Code Ann. § 27-1-122, this Court may award damages when "the appeal from any court of record was frivolous or taken solely for delay. . . ." Tenn. Code Ann. § 27-1-122 (2000). The Middle Section of this Court has addressed the scenario where a *pro se* litigant has filed an appeal and prepared an inadequate record for review:

> A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding. *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *McDonald v. Onoh*, 772 S.W.2d at 914; *Fields v. Fields*, 1987 Tenn. App. LEXIS 2544, No. 86-131-II, 1987 WL 7332, *3 (Tenn. Ct. App. Mar. 6, 1987) (No Tenn. R. App. P. 11 application filed).

*Young v. Barrow*, No. M2001-00876-COA-R3-CV, 2003 Tenn. App. LEXIS 678, at *16-17 (Tenn. Ct. App. Sept. 16, 2003); *see also Couillard v. Couillard*, No. E2001-01770-COA-R3-CV, 2002 Tenn. App. LEXIS 467, at *11-12 (Tenn. Ct. App. July 3, 2002). We agree that, given the inadequate nature of the record in this case, Appellant had no reasonable chance of success and Appellee is entitled to an award of attorney's fees incurred on this appeal. Therefore, we remand this case to the trial court for an assessment of damages in accordance with Tenn. Code Ann. § 27-1-122.

### Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to Appellant, John W. Johnson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE